[Civ. No. 41293. First Dist., Div. Three. Feb. 6, 1978.]

ANNA LAVRISCHEFF et al., Plaintiffs and Respondents, v.
MARCIA BLUMER et al., Defendants and Appellants.

## COUNSEL

Susannah J. Convery for Defendants and Appellants.

Merrill, Thiessen & Gagen and Barry L. Siders for Plaintiffs and Respondents.

## OPINION

**SCOTT, Acting P. J.**—This appeal is from an order rendered May 3, 1976, granting a motion to vacate an order of dismissal. Notice of entry of the order was mailed May 11, 1976. California Rules of Court, rule 2(a) requires that the notice of appeal be filed within 60 days from the mailing of the notice of entry of the order. The notice of appeal was filed August 6, 1976, beyond 60 days from the mailing of the notice of entry of the May 3, 1976 order. During the 60-day period, however, appellants moved the court to reconsider its May 3d order.

The question raised is the effect of a motion for reconsideration of an appealable order and the denial thereof upon the time for appeal.

Here, appellants' demurrer to the complaint was sustained with 15 days granted to respondents to amend the complaint. At a date beyond the 15 days, the court by ex parte order extended respondents' time for filing an amended complaint. Appellants thereafter moved to dismiss the complaint on the ground that no amendment was made within the 15 days originally granted. Appellants contended that the ex parte order extending the time to amend was void. The court apparently agreed and thereafter vacated its ex parte order which had granted respondents additional time to amend the complaint. The court also granted appellants a judgment of dismissal in accordance with its original order sustaining appellants' demurrer. Respondents then filed a motion to vacate the judgment of dismissal. This motion was heard and granted. Appellants appeal from this order vacating the judgment of dismissal which was rendered May 3, 1976.

Thereafter, on May 6, 1976, appellants noticed a motion for reconsideration of the May 3, 1976 order. On August 3, 1976 the court denied appellants' motion for reconsideration. On August 6, 1976 appellants filed notice of appeal.

█ Initially, we observe that "compliance with the requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period. [Citations.]" (*Carver* v. *Platt* (1960) 179 Cal.App.2d 140, 142 [3 Cal.Rptr. 687].)

Here, the 60 days to file notice of appeal from the May 3d order expired July 10, 1976, which was prior to the filing of the notice of

appeal. Appellants and respondents, in their briefs, refer to the appeal as being from the denial of the motion for reconsideration. However, the notice of appeal designates the May 3d order as the order from which the appeal is taken. The parties, assuming the August 3d order denying reconsideration was the order being appealed from, briefed only the appropriateness of the vacating of the judgment of dismissal. The issue of timeliness of the appeal was briefed at the request of this court.

Had appellants moved to vacate a judgment entered May 3d, the appeal would be timely. California Rules of Court, rule 3(b) provides that when a valid notice of intention to move to vacate a judgment is filed within the 60-day appeal period, the time for filing the notice of appeal from the judgment is extended until 30 days after the entry of the order denying the motion to vacate. However, appellants' motion for reconsideration of the order vacating the judgment of dismissal cannot be construed as a motion to vacate a judgment within the meaning of either section 473 or section 663 of the Code of Civil Procedure. Indeed, appellants admit this point in their response to our inquiry on the timeliness of appeal issue. Thus, rule 3(b) does not remedy appellants' untimely appeal.

Appellants urge that we construe the notice of appeal as being from the denial of the motion for reconsideration. They cite rule 1(a) of California Rules of Court, which provides in part that a "notice of appeal shall be liberally construed in favor of its sufficiency." They also cite cases in support of liberal construction of notices of appeal, such as *Girard* v. *Monrovia City School Dist.* (1953) 121 Cal.App.2d 737, 739 [264 P.2d 115], where the court stated what is now the well settled rule: "Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates, unless it appears that the respondent has been misled by such misdescription." We need not, however, address this contention since, as we hereinafter discuss, the denial of the motion for reconsideration is a nonappealable order. The only order which could be appealed is the May 3, 1976 order; and notice of appeal therefrom being untimely, dismissal of the appeal is required.

Although an order granting or denying a motion for reconsideration has been held to be an appealable order under some circumstances (*Harth* v. *Ten Eyck* (1941) 16 Cal.2d 829, 832 [108 P.2d 675]; *Harth* v.

*Ten Eyck* (1939) 12 Cal.2d 709, 710 [87 P.2d 693]; *Carver* v. *Platt, supra,* (1960) 179 Cal.App.2d 140, 142), the order rendered in the instant case is nonappealable. In *Harth* and *Carver* the court held that where a dismissal is entered, and a motion to vacate the dismissal is *denied,* a motion to reconsider the ruling is tantamount to a renewal of the motion to vacate. In these cases, the order was held to be appealable as a special order rendered after judgment under the terms of Code of Civil Procedure section 963, subdivision (1).[1] These cases are distinguishable from the instant case, because in the instant case the motion to vacate the dismissal was *granted.*

Appellants have cited *Colby* v. *Pierce* (1936) 15 Cal.App.2d 723, 725 [59 P.2d 1046], in their brief, to support the proposition that an order of dismissal is a judgment within the meaning of former section 963. While *Colby* is aptly cited for that point, the court in *Colby* also states the point of law which requires the dismissal of appellants' appeal. In *Colby,* the appellant had taken his appeal from two separate orders. One order was the grant of the respondent's motion to vacate a prior dismissal. The other order was the denial of appellant's motion to dismiss, which had been filed subsequent to the order vacating the dismissal. The court held that the order vacating the dismissal was a special order after judgment; but, the court also held that if the order vacating the dismissal was affirmed, no judgment would exist, so the latter order would not be appealable under former section 963.

The same rationale applies in the instant case. The order entered May 6, 1976, vacated the judgment of dismissal. As the instant case stood at the time this appeal was taken, no judgment had been rendered. Under these facts, the order denying the motion for reconsideration is not appealable under the provisions of section 904.1[2] of the Code of Civil Procedure, thus the appeal must be dismissed. In the *Harth* and *Carver* cases, the motion to vacate was denied, thus a valid judgment was in effect, bringing the subsequent order within the terms of former section 963 of the Code of Civil Procedure.

---

[1]The subject matter of former Code of Civil Procedure section 963 is now contained in Code of Civil Procedure section 904.1, which reads, in relevant part: "An appeal may be taken from a superior court in the following cases: . . . (b) From an order made after a judgment made appealable by subdivision (a)."

[2]See footnote 1, *ante.*

■ This case presents an example of the pitfall in the practice of moving for reconsideration rather than seeking a remedy by appeal. In the instant case, the appellants improperly asked the court to reconsider a motion which was granted in favor of the opposing parties. While a party may, upon a showing of new facts, renew a motion which he himself made, and which was *denied* (see 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 28, p. 2696; Code Civ. Proc., § 1008), "the party aggrieved by an order *granting* a motion cannot move to *reconsider the order.*" (*Witkin, supra,* § 27, p. 2696; *San Francisco Lathing, Inc.* v. *Superior Court* (1969) 271 Cal.App.2d 78, 80, 82 [76 Cal.Rptr. 304]; see also *Dunas* v. *Superior Court* (1970) 9 Cal.App.3d 236, 239 [87 Cal.Rptr. 719].) No statutory authority exists to support a motion for reconsideration under such circumstances. (*Northridge Financial Corp.* v. *Hamblin* (1975) 48 Cal.App.3d 819, 825 [122 Cal.Rptr. 109]; *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705-706 [102 Cal.Rptr. 190]; *Dunas* v. *Superior Court, supra,* at p. 239; *San Francisco Lathing, Inc.* v. *Superior Court, supra,* at p. 81.) The proper remedy is a motion for relief from an order under Code of Civil Procedure section 473. Where a party makes a motion for reconsideration of an order granting the opposing party's motion, the court will evaluate this motion as if it were made under Code of Civil Procedure section 473, and will deny the motion if the statutory grounds are not shown. *(Northridge Financial Corp.* v. *Hamblin, supra; Farrar* v. *McCormick, supra.)* The procedure in section 473[3] requires that the party show that the order was "taken against him through *his* mistake, inadvertence, surprise or excusable neglect." (Italics added.) In their motion for reconsideration, appellants alleged that the order vacating the dismissal was rendered through the mistake or inadvertence *of the court.* This is no more than an allegation of judicial error. (See *Clinton* v. *International Organization of Masters, Mates & Pilots* (1963) 213 Cal.App.2d 36 [28 Cal.Rptr. 488].) Thus, appellants' motion for reconsideration would not meet the requirements of section 473 of the Code of Civil Procedure.

Motions for reconsideration are becoming an increasing burden on trial courts. Appellants thoughtfully suggest that the procedure gives trial courts an opportunity to correct their mistakes, thus relieving the burden on appellate courts. In practice, however, motions for reconsideration are

---

[3]Code of Civil Procedure section 473 provides in relevant part: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

rarely granted and these motions merely represent an unnecessary burden upon the trial courts.

The appeal is dismissed.

Feinberg, J., and Brown (I. A.), J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.