[Civ. No. 25821. Fourth Dist., Div. Two. June 22, 1982.]

BLUE MOUNTAIN DEVELOPMENT COMPANY, Plaintiff and Appellant, v.
CHESTER CARVILLE et al., Defendants and Respondents.

1006

COUNSEL

Marshall Miles for Plaintiff and Appellant.

Best, Best & Krieger, William R. DeWolfe and Raymond N. Haynes for Defendants and Respondents.

OPINION

**TROTTER, J.**—The application of Blue Mountain Development Company (Blue Mountain), a judgment creditor, for a writ of execution on a dwelling (Code Civ. Proc., § 690.31, subd. (c)) was denied by the court below. Blue Mountain filed a motion for reconsideration (Code Civ. Proc., § 1008), and this motion was also denied. Blue Mountain has attempted to appeal from both rulings but we conclude, for the reasons stated below, that the appeal from the denial of the original application is untimely. We also conclude that the motion for reconsideration was properly denied because the application was not "based upon an alleged different state of facts."

FACTS

Blue Mountain obtained by assignment judgments against Larry Duff for $1,569.11 and $4,274.78. Abstracts of the two judgments were recorded in San Bernardino County in May 1979. In April 1979, one month earlier, Larry and Jean Duff, as husband and wife, had recorded a declaration of homestead on certain real property in Big Bear City. In July 1979, Larry and Jean Duff sold this property to Chester and Suzanne Carville.

Over a year later, in December 1980, Blue Mountain applied for a writ of execution. In the application, Blue Mountain maintained that the Carvilles took the property subject to judgment liens resulting from the recording of the abstracts of the two judgments it had obtained by assignment. Regarding the declaration of homestead recorded by Larry and Jean Duff, Blue Mountain alleged on information and belief that "Larry Duff neither resided on said homestead premises nor was said Larry Duff married at the time said homestead was filed or recorded," and consequently the declaration was invalid.

The Carvilles opposed the application. They maintained they were good faith purchasers as to whom the declaration of homestead was "conclusive evidence" of the facts stated therein. (See Civ. Code, § 1263, subd. 4.) The application for writ of execution was heard and denied on February 10, 1981. The Carvilles mailed a notice of ruling to counsel for Blue Mountain on the following day.

On February 20, 1981, Blue Mountain filed a motion for reconsideration. The motion was supported by the declaration of one A. L. Sullivan, who stated that he was "associated with" Blue Mountain and that on September 1, 1980, Chester Carville had stated to him that "when he and his wife took possession of their home at ... Big Bear City, California from Larry and Jean Duff that it was uninhabitable." Blue Mountain argued that this evidence proved the Carvilles were not good faith purchasers but rather they had purchased the property with notice of the falsity of the statement in the declaration of homestead that Larry and Jean Duff were residing on the premises.

The motion for reconsideration was heard and denied on March 10, 1981. The notice of appeal "from the order denying writ of execution on a dwelling house and the order denying reconsideration of said ruling" was filed almost two months later, on May 6, 1981.

### APPEAL FROM ORIGINAL RULING IS UNTIMELY

■ A motion for reconsideration under Code of Civil Procedure section 1008 is treated for purposes of rule 3 of the Rules of Court in the same manner as a motion for new trial or a motion to vacate. (*Dockter v. City of Santa Ana* (1968) 261 Cal.App.2d 69, 74 [67 Cal.Rptr. 686].) In other words, subject to the qualifications stated in rule 3, the timely filing of a motion to reconsider normally extends the time for fil-

ing a notice of appeal from the original ruling until 30 days after entry of the order denying reconsideration.[1]

As Blue Mountain filed a timely motion to reconsider the denial of its application for writ of execution, the time for filing a notice of appeal from the original ruling was extended until 30 days after entry of the order denying reconsideration. That order was entered on March 10 but the notice of appeal was not filed until May 6, well beyond the 30-day limit. ■ The notice of appeal was also untimely under rule 2 of the Rules of Court because the 60-day period under rule 2 began to run when notice of the ruling on the original application was mailed on February 11 and it expired long before the notice of appeal was filed on May 6. Accordingly, the appeal from the order denying the application for writ of execution is untimely and the appeal must be dismissed.

### ORDER DENYING RECONSIDERATION IS APPEALABLE

■ Section 904.1 of the Code of Civil Procedure lists the superior court orders and judgments which are appealable. Orders on reconsideration motions are not specifically listed and the only category in which they might be included is "an order made after a judgment." (Code Civ. Proc., § 904.1, subd. (b).) Whether this category applies depends, in turn, on whether the order as to which reconsideration is sought is a judgment. If the original ruling is not final and appealable in its own right, then it is not a judgment and an order denying reconsideration cannot be appealable. ■ "[A]n appeal may not be taken from a nonappealable order by the device of moving to vacate the order and appealing from a ruling denying the motion." (*Litvinuk* v. *Litvinuk* (1945) 27 Cal.2d 38, 43-44 [162 P.2d 8].) ■ An order denying an application for a writ of execution on a dwelling is appealable (Code

---

[1] In relevant part, rule 3 provides: "(a) When a valid notice of intention to move for a new trial is served and filed by any party, and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined.

"(b) When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, or such shorter time as may be prescribed by statute, and the motion is denied or not decided by the superior court within 150 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or until 180 days after entry of the judgment, whichever shall be less."

Civ. Proc., § 690.31, subd. (n)) and therefore the order denying reconsideration may be treated as an order made after judgment.

Even though the original ruling was embodied in an appealable order, an order denying reconsideration may still not be appealable if the reconsideration motion was based on exactly the same showing offered in support of the original application. (*Dockter v. City of Santa Ana, supra*, 261 Cal.App.2d 69, 75. See also, *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 358 [110 Cal.Rptr. 353, 515 P.2d 297]; *Litvinuk v. Litvinuk, supra*, 27 Cal.2d 38, 44.) In the present case, however, Blue Mountain's reconsideration motion was supported by additional evidence in the form of the declaration by A. L. Sullivan.

The Carvilles have cited *Lavrischeff v. Blumer* (1978) 77 Cal.App.3d 406 [143 Cal.Rptr. 567], and *Farrar v. McCormick* (1972) 25 Cal. App.3d 701 [102 Cal.Rptr. 190], for the proposition that orders denying reconsideration motions are not appealable. In those cases, however, litigants sought reconsideration of motions granted in favor of the opposing parties. Because former section 1008 authorized reconsideration only of an order denying rather than granting a motion, the reviewing courts concluded that the reconsideration motions were unauthorized and therefore the orders denying them were nonappealable.

These holdings have been rendered obsolete by the repeal and reenactment of section 1008 effective January 1, 1979. As it now reads, section 1008 does authorize a motion to reconsider an order granting a motion, and thus the rationale of *Lavrischeff* and *Farrar* is no longer valid. That rationale would not in any event apply to the present action, because Blue Mountain sought reconsideration of the order denying its earlier motion.

Of course, care should be taken to distinguish a court's decision for or against reconsideration from its decision after reconsideration. If a litigant seeks reconsideration of an order denying a motion, such as a motion to intervene, the trial court may sometimes enter an order "denying reconsideration" when it is plain from the record that the first motion was denied without prejudice and the second ruling was intended to be a ruling on the merits of the motion for intervention rather than simply a denial of reconsideration. (See, e.g., *Linder v. Vogue Investments, Inc.* (1966) 239 Cal.App.2d 338, 339, fn. 1 [48 Cal.Rptr. 633]; *Majors v. County of Merced* (1962) 207 Cal.App.2d 427, 435 [24 Cal.Rptr. 610]; *Carver v. Platt* (1960) 179 Cal.App.2d 140, 142 [3

Cal.Rptr. 687]; *Bice v. Stevens* (1958) 160 Cal.App.2d 222, 225-226 [325 P.2d 244].) To prevent confusion, trial court orders "denying reconsideration" should be restricted to instances where the court's ruling is based on failure to comply with the requirements of section 1008. In the present case, we presume in the absence of any contrary indication that this was the basis of the court's ruling.

■ This court has previously remarked that *former* section 1008 "did not purport to be an authorization statute nor did it purport to prescribe the requirements for a motion to renew." (*Lopez v. Larson* (1979) 91 Cal.App.3d 383, 393 [153 Cal.Rptr. 912].) However, section 1008 as reenacted now employs language of authorization (i.e., "any party ... may ... make application ... to reconsider the matter ....."), and its provisions are properly viewed as requirements although, as we explain *infra*, a trial court may reconsider an interim ruling even though the requirements are not met.

■ Because the motion authorized by section 1008 is a statutory method for challenging an appealable order in the court rendering the order, an order denying reconsideration is appealable, subject to the qualifications previously stated. (See *Winslow v. Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 282 [153 P.2d 714]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 94, pp. 4100-4102.) We conclude that the order denying Blue Mountain's reconsideration motion is appealable as an order made after judgment.

### MOTION NOT SUPPORTED BY DIFFERENT STATE OF FACTS

■ Section 1008, subdivision (a), now provides: "When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may [*sic*], make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order."

The phrase "based upon an alleged different state of facts" has not been authoritatively construed and its meaning would appear to be a matter of first impression.

"'Public policy requires that pressure be brought upon litigants to use great care in preparing cases for trial and in ascertaining all the facts.

A rule which would permit the re-opening of cases previously decided because of error or ignorance during the progress of the trial would in a large measure vitiate the effects of the rules of res judicata.' (Rest., Judgments, § 126, com. a.)" (*Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 472 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368].) When the requirement of section 1008 that the application for reconsideration be upon an "alleged different state of facts" is viewed in light of this public policy, it is evident that the party seeking reconsideration must provide not only new evidence but also a satisfactory explanation for the failure to produce that evidence at an earlier time. In short, the moving party's burden is the same as that of a party seeking new trial on the ground of "newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." (Code Civ. Proc., § 657, subd. 4.)

Our conclusion is subject to two qualifications. First, if the original order is an interim rather than a final ruling, it may be corrected at any time up to final judgment, even in the absence of newly discovered evidence. (See *Travelers Ins. Co.* v. *Superior Court* (1977) 65 Cal.App.3d 751, 759-760 [135 Cal.Rptr. 579].) Thus if a party seeks reconsideration of an interim ruling without a showing of newly discovered evidence, the trial court has discretion to grant or deny the motion. (*Lopez* v. *Larson, supra*, 91 Cal.App.3d 383, 392; *Big Bear Mun. Water Dist.* v. *Superior Court* (1969) 269 Cal.App.2d 919, 928 [75 Cal.Rptr. 580].) If a party seeks reconsideration of a final order, however, it would be error to grant the motion in the absence of a showing of newly discovered evidence because a trial court has no jurisdiction to correct judicial error in the making of a final order except as provided by statute. (*Minardi* v. *Collopy* (1957) 49 Cal.2d 348, 353 [316 P.2d 952].)

The usual test for distinguishing between interim and final rulings is appealability. (See *Rebco Development, Inc.* v. *Superior Court* (1977) 67 Cal.App.3d 13, 17 [136 Cal.Rptr. 351]. See also, 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 164, pp. 3307-3308.) However, an appealable order was held to be not final for purposes of res judicata in *Harth* v. *Ten Eyck* (1941) 16 Cal.2d 829, 832-834 [108 P.2d 675].[2]

---

[2]*Harth* has been cited as authority for the proposition that a ruling on an "ordinary motion" is not res judicata. (*Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 7 [125 Cal.Rptr. 408].) Apart from the problem of deciding what motions are "ordinary," this seems to contradict other authority that rulings on motions are given at least some res judicata effect. (E.g., *Lake* v. *Bonynge* (1911) 161 Cal. 120, 129 [118 P. 535]; *Rosenthal* v. *Rosenthal* (1961) 197 Cal.App.2d 289, 296 [17 Cal.Rptr. 186].)

Fortunately, we need not decide whether the order denying Blue Mountain's application for writ of execution was a final or an interim order. In either case, the denial of reconsideration was proper in the absence of a showing of newly discovered evidence.

 Turning to the second qualification, we note that although the reconsideration motion is not available to a party against whom a final order has been made and who is not in possession of newly discovered evidence, this does not necessarily mean that the party's only remedy is by appeal. A motion for new trial may be used to challenge an appealable order on a motion as well as a decision or verdict in a conventional civil action (*In re Marriage of Beilock* (1978) 81 Cal.App.3d 713, 719-721 [146 Cal.Rptr. 675]) and a motion for new trial may be based on a number of different grounds, including errors of law. (Code Civ. Proc., § 657, subd. 7.)

 Blue Mountain made no showing that the evidence contained in the declaration of A. L. Sullivan was newly discovered or that it could not with reasonable diligence have been discovered earlier. Accordingly, the trial court did not err in denying the reconsideration motion.

The appeal from the order denying writ of execution is dismissed. The order denying reconsideration is affirmed.

Morris, P. J., and McDaniel, J., concurred.