[No. A073928. First Dist., Div. Two. Oct. 31, 1996.]

JOHN CROTTY et al., Plaintiffs and Respondents, v.
WILLIAM L. TRADER, Defendant and Appellant.

## COUNSEL

William L. Trader, in pro. per., for Defendant and Appellant.

Douglas G. Cowan for Plaintiffs and Respondents.

## OPINION

LAMBDEN, J.—John and Alice Crotty (Crotty) move to dismiss William L. Trader's appeal. We find Trader cannot appeal a reconsideration order and his appeal of the judgment is untimely. He does timely appeal, however, the court's denial of his motion for a judgment notwithstanding the verdict (JNOV). Accordingly, we grant a partial dismissal.

### BACKGROUND

A jury awarded Crotty $62,500 against Trader and Trader's business, Trader Inspection Service. The court subtracted the amount paid by other defendants in settlement and ordered Trader to pay $41,402.50 plus costs. The court sent notice of its judgment on January 10, 1996.

Trader moved for a new trial and JNOV. By an order dated February 9, 1996, the court denied that motion. Trader moved for reconsideration pursuant to Code of Civil Procedure section 1008 and the court heard the motion on February 26, 1996. Notice of its denial was sent March 25, 1996.

Trader filed a notice of appeal on March 26, 1996, stating he was appealing the order "denying Defendant's Motion for New Trial and Motion for Judgment Notwithstanding the Verdict which was heard on February 26, 1996."[1]

## DISCUSSION

Crotty moves for dismissal because (1) Trader did not file appendices with his opening brief though he filed pursuant to California Rules of Court, rule 5.1, (2) the notice of appeal is from an nonappealable order, and (3) the appeal is untimely. Trader's alleged failure to file any appendices relates to his ability to prove the merits of his case and we need not consider that issue here. We do, however, grant partial dismissal based on the reconsideration order being nonappealable and the appeal from the judgment being untimely. Trader can appeal the denial of his JNOV.

The notice of appeal makes it unclear whether Trader, who is pro se, is appealing the judgment, the reconsideration order, or the denial of his JNOV. His notice states he is appealing the order denying Trader's motion for a new trial and JNOV heard February 26, 1996. However, the court heard Trader's motion for reconsideration on that date. We construe Trader's notice liberally (see Cal. Rules of Court, rule 1) and consider whether we have jurisdiction over an appeal of the reconsideration, judgment, or JNOV order.

### Reconsideration Order Is Unappealable

■ Crotty contends Trader cannot appeal the reconsideration order because Code of Civil Procedure section 904.1[2] does not list reconsideration as appealable. However, the court in *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005 [183 Cal.Rptr. 594] (*Blue Mountain Development Co.*) held such an order to be appealable under section 904.1, subdivision (a)(2), as "an order made after a judgment" as long as the original order was appealable and the reconsideration contained new facts. Trader requested reconsideration of his request for a new trial and JNOV and the original order on the JNOV was an appealable order (Code Civ. Proc., § 904.1, subd. (a)(4)). We, however, cannot determine whether Trader raised

---

[1]Trader elected to proceed under California Rules of Court, rule 5.1, and submit appendices rather than a clerk's transcript.

[2]Code of Civil Procedure section 904.1 states, in part: "(a) An appeal may be taken from a superior court in the following cases: [¶] (1) From a judgment, . . . . [¶] (2) From an order made after a judgment made appealable by paragraph (1). . . . [¶] . . . (4) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict. . . ."

any new facts in his motion.[3] If the court denied reconsideration because Trader failed to raise new facts, the reconsideration order would not be appealable even under *Blue Mountain Development Co.*

Even if the court granted reconsideration and subsequently denied the motion on its merits, we find the order for reconsideration nonappealable. The Fourth District, which decided *Blue Mountain Development Co.*, modified its position in *Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151 [250 Cal.Rptr. 435] *(Rojes)*. In *Rojes* the court held all reconsideration orders—even those based on new facts—are nonappealable if the court denies the motion on its merits.[4] We agree with the reasoning in *Rojes, supra*: "The same policy reasons for determining that denials of motions to vacate judgments and motions for new trial are not appealable are applicable to denials of motions for reconsideration: namely, to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal. [Citations.]" (203 Cal.App.3d at pp. 1160-1161.)

We find no reason to make a reconsideration order appealable. Our ruling does not significantly limit one's right to appeal, since it has no impact on the right to appeal the original order.

*Judgment Order Is Untimely*

If Trader is appealing the judgment, we must determine whether his appeal is timely. We have no discretion to relieve a party from the duty of filing a notice of appeal on time. Under California Rules of Court, rule 2(a),[5] Trader had 60 days from January 10, 1996, the date the court sent the notice of judgment, to file his notice of appeal. Under California Rules of

---

[3]Crotty submitted the notice of the court's denial as an exhibit to the motion to dismiss, but it simply states the court denied the motion. It does not distinguish the court's decision about whether to reconsider the motion from its decision on the merits. Thus, the court could have granted reconsideration and then denied the motion.

[4]Subsequently, courts have cited *Rojes* with approval. (See *In re Jeffrey P.* (1990) 218 Cal.App.3d 1548, 1550, fn. 2 [267 Cal.Rptr. 764]; *Estate of Simoncini* (1991) 229 Cal.App.3d 881, 891 [280 Cal.Rptr. 393].)

[5]California Rules of Court, rule 2(a), states: "Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the document entitled 'notice of entry.'"

Court, rule 3(a),[6] Trader extended the deadline by filing a motion for a new trial. The court denied this motion on February 9, 1996, so under rule 3 he had 30 days from that date to file his notice of appeal. The time for appeal expired on March 18, 1996, making Trader's notice of appeal filed on March 26, 1996, untimely.

Some courts have extended the time to appeal by equating a motion for reconsideration with a motion for a new trial. (See *Blue Mountain Development Co., supra,* 132 Cal.App.3d 1005, 1009-1011; *Tunis* v. *Barrow* (1986) 184 Cal.App.3d 1069 [229 Cal.Rptr. 389].) The court in *Blue Mountain Development Co.* likened the two motions because both attempt to make the court change its mind. Consequently, the court reasoned, the 30-day extension for motions for a new trial under California Rules of Court, rule 3(a), should also apply to a motion for reconsideration. Moreover, extending the time would encourage parties to file motions for reconsideration so trial courts, rather than the Court of Appeal, could resolve the disputes. (*Rojes, supra,* 203 Cal.App.3d 1151, 1159.)

*Blue Mountain Development Co.* involved a prejudgment reconsideration order but courts extended the time to appeal for postjudgment reconsideration orders as well. (*Rojes, supra,* 203 Cal.App.3d 1151; *Tunis* v. *Barrow, supra,* 184 Cal.App.3d 1069.) Differentiating between a prejudgment and postjudgment order, the same court (Fourth District) deciding *Rojes* and *Blue Mountain Development Co.* held postjudgment orders do not extend the time to file an appeal under California Rules of Court, rule 3. (*Passavanti* v. *Williams* (1990) 225 Cal.App.3d 1602 [275 Cal.Rptr. 887].) The Fifth District in *Nave* v. *Taggart* (1995) 34 Cal.App.4th 1173 [40 Cal.Rptr.2d 714] approved of *Passavanti* when it refused to toll the time to appeal though the plaintiff had filed a prejudgment motion for reconsideration. The court explained: "After judgment a trial court cannot correct judicial error except in accordance with statutory proceedings. [Citations.] A motion for reconsideration is not such a motion. [Citation.]" (*Id.* at p. 1177.)

We agree a motion for reconsideration, unlike a motion for a new trial, cannot correct judicial error. We question the reasoning set forth in *Blue Mountain Development Co.* to the extent it based its holding on relating a motion for a new trial to a motion for reconsideration. In *Gilberd* v. *AC Transit* (1995) 32 Cal.App.4th 1494 [38 Cal.Rptr.2d 626], our division

---

[6]California Rules of Court, rule 3(a), states: "When a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined."

delineated the limited role of a motion for reconsideration. In *Gilberd, supra,* at p. 1500, we explained Code of Civil Procedure section 1008 gives the court no authority when deciding whether to grant a motion to reconsider to "reevaluate" or "reanalyze" facts and authority already presented in the earlier motion. Instead, the court may grant reconsideration only if presented with " 'new or different facts, circumstances, or law.' " In contrast, when considering a motion for a new trial, the court does not examine " 'new or different facts,' " but determines whether the court committed error. We, therefore, disagree with *Blue Mountain Development Co.* when it compared a motion for a new trial to a motion for reconsideration and find California Rules of Court, rule 3 does not apply to a postjudgment motion for reconsideration.[7]

*JNOV Order Is Appealable and Timely*

■ If Trader is appealing the court's denial of his motion for JNOV, the appeal is both timely and appealable. Since a denial of a JNOV is an appealable order (Code Civ. Proc., § 904.1, subd. (a)(4)), Trader had 60 days from the notice of entry of that order to file his appeal. The record is unclear as to when entry was given, but the order denying the motion was dated February 9, 1996. Trader filed his notice of appeal on March 26, 1996, less than 60 days after the date of the order.

Trader's notice of appeal stated he was appealing the motions heard on February 26, 1996. We construe the notice liberally and consider the date to be a mistake and presume he is appealing the denial of the JNOV heard on February 9, 1996.

## CONCLUSION

No statute authorizes us to consider an appeal from an order on reconsideration or to extend the time in which to appeal because of a postjudgment motion for reconsideration. Therefore, we grant the motion to dismiss Trader's appeal of the judgment and reconsideration orders. Since Trader filed a timely appeal from the original JNOV order, we deny the motion to dismiss as it applies to the original JNOV order.

Kline, P. J., and Haerle, J., concurred.

---

[7]We do not consider whether a prejudgment motion for reconsideration would extend the time for appeal.