[No. A083160. First Dist., Div. Five. Nov. 24, 1998.]

Conservatorship of the Person and Estate of GUY F. COOMBS.
MERCEDITA COOMBS, Petitioner and Appellant, v.
DAVID F. COOMBS, as Conservator, etc., Objector and Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to rules 976 and 976.1, California Rules of Court, this opinion is certified for publication with the exception of parts I, II.B., II.C.

**COUNSEL**

Aspelin & Bridgman, James C. Bridgman and John H. Aspelin for Petitioner and Appellant.

Evans, Latham, Harris & Campisi, Dominic J. Campisi, Andrew Zabronsky and Matthew P. Matiasevich for Objector and Respondent.

**OPINION**

**JONES, P. J.**—On June 2, 1998, Mercedita Coombs (appellant) filed a notice of appeal indicating that she sought review of eight judgments/orders (hereafter rulings) of the trial court in a conservatorship proceeding. David F. Coombs, conservator of the person and estate of Guy F. Coombs (respondent), has moved to dismiss the appeal as to five of the eight identified rulings.

Respondent's motion invites us to revisit the interplay between California Rules of Court,[1] rules 2 and 3, which specify the critical deadlines a litigant must meet to preserve a right to appeal. In the published portion of this opinion, we consider whether a motion for reconsideration filed after a trial court's notice of entry of judgment or appealable order should be construed as a motion to vacate or a motion for new trial, so as to extend the deadline for filing a notice of appeal under rule 3(a) or rule 3(b). We conclude that it should not. In view of the plain language of rule 3, we decline to endorse appellate authority which creates an appeal-saving exception to rule 2 in the case of a motion for reconsideration. Rule 3 does not apply in this instance to except appellant from the filing deadline of rule 2.

We further conclude that the notice of appeal is untimely as to three of the five rulings for which respondent seeks dismissal of the appeal and that the remaining two of the five rulings are not appealable. Therefore we grant respondent's motion to dismiss.

I. PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. DISCUSSION

A. *The appeal is untimely as to the March 4, 1998, surcharge order and the February 24, 1998, judgment.*

 Two rulings of the trial court identified in appellant's notice of appeal are the March 4, 1998, surcharge order (surcharge order) and the February 24, 1998, judgment. After notice of entry of each ruling, appellant moved for reconsideration. The trial court denied each motion. Respondent challenges the timeliness of appellant's notice of appeal as to the surcharge order and the February 24, 1998, judgment.

Rule 2(a) prescribes the general time limits for filing a notice of appeal: "Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of

---

[1]Unless otherwise indicated, all further rule references are to the California Rules of Court.
*See footnote, *ante,* page 1395.

judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment." Despite the language of rule 2(a), these time limits apply to all appealable orders, not just judgments. (See rule 2(d).)

Appellant does not dispute that under the time limits set by rule 2, her notice of appeal is untimely as to the surcharge order and the February 24 judgment. The "date[s] of service" by respondent of notice of entry of those orders are March 9, 1998, and February 26, 1998, respectively. Appellant did not file her notice of appeal until June 2, 1998, 96 days after the date of service of the February 24, 1998, judgment and 85 days after the date of service of the surcharge order. Thus, in each instance, appellant filed her notice of appeal more than "60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal . . . ." (Rule 2(a)(2).)

Appellant contends, however, that rule 3 extended the time for filing a notice of appeal from the surcharge order and the February 24 judgment because appellant moved to reconsider each of those decisions of the probate court. Rule 3 does not expressly mention motions for reconsideration. Rule 3(a) addresses the time for appeal "[w]hen a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied," while rule 3(b) addresses the time for appeal "[w]hen a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed . . . ."

■ "The usual rules of statutory construction are applicable to the interpretation of the California Rules of Court." (*Life* v. *County of Los Angeles* (1990) 218 Cal.App.3d 1287, 1296 [267 Cal.Rptr. 557].) One such rule requires that when the language of a statute is clear and unambiguous, the court shall not resort to construction of the language or extrinsic indicia of the enactor's intent. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Rules 3(a) and 3(b) are not ambiguous in their language with respect to the motions which trigger their application. Neither refers to motions for reconsideration. Following the general rules of construction, we decline to interpret those rules in a fashion inconsistent with their express language.

■ Despite this rule of construction and the language of rule 3, a number of appellate decisions have concluded that "[a] motion for reconsideration under Code of Civil Procedure section 1008 is treated for purposes of

rule 3 of the Rules of Court in the same manner as a motion for new trial or a motion to vacate." (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1009 [183 Cal.Rptr. 594] (*Blue Mountain*).) Most of these decisions cite the Fourth Appellate District's decision in *Blue Mountain* as the authority for this conclusion. (See *Gill* v. *Hughes* (1991) 227 Cal.App.3d 1299, 1311 [278 Cal.Rptr. 306]; *Miller* v. *United Services Automobile Assn.* (1989) 213 Cal.App.3d 222, 225 [261 Cal.Rptr. 515]; *Jade K.* v. *Viguri* (1989) 210 Cal.App.3d 1459, 1467 [258 Cal.Rptr. 907]; *Tunis* v. *Barrow* (1986) 184 Cal.App.3d 1069, 1075 [229 Cal.Rptr. 389]; *Messih* v. *Lee Drug, Inc.* (1985) 174 Cal.App.3d 312, 315 [220 Cal.Rptr. 43].) However the only analysis that *Blue Mountain* provides to support its conclusion is its citation of a prior case, *Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69, 74 [67 Cal.Rptr. 686]. The *Dockter* opinion, in turn, provides no analysis to support its conclusion other than to cite an even earlier case, *Verdier* v. *Verdier* (1962) 203 Cal.App.2d 724 [22 Cal.Rptr. 93] (*Verdier*). By following this chain of authority, we find it is the *Verdier* decision that performs the analysis that supports *Blue Mountain*'s conclusion. That analysis in its entirety is as follows: "Rule 40 (Definitions) . . . provides: 'In these rules, unless the context or subject matter otherwise requires: . . . (g) "Judgment" includes any judgment, *order* or decree from which an appeal lies.' (Emphasis added.) As a consequence rule 3(b), which extends time for the filing of notice of appeal, applies to the filing of notice of appeal from an order issuing an injunction." (*Verdier, supra,* 203 Cal.App.2d at p. 732.)

We initially note that *Verdier* does not provide any basis for extending rule 3(a) (concerning those instances when a party files a motion for new trial) to instances where a party files a motion for reconsideration. Nor do we find that *Verdier*'s analysis supports its conclusion that rule 3(b), applies when a party files a motion for reconsideration. *Verdier* relies exclusively on rule 40. Yet by its own terms, rule 40 does not apply where "the context or subject matter otherwise requires." We conclude that "the context or subject matter" of rule 3(b) precludes substitution of the word "order" for the word "judgment" in the phrase "move to vacate a judgment." At a minimum, substituting the word "order" for "judgment" does not yield a clear reference to motions for reconsideration. Motions for reconsideration are governed by Code of Civil Procedure section 1008. A motion to vacate is governed by Code of Civil Procedure sections 663 and 663a.

Moreover, the word "judgment" does not stand in isolation; the word appears as part of a phrase or term of legal art—"move to vacate the judgment." To treat the word "judgment" as fungible with the word "order" in this context ignores the context in which the word appears. Rule 40 does

not provide an adequate basis for extending application of rule 3(b) to instances where a party has filed a motion for reconsideration.

One of the few recent cases to review the basis for applying rule 3 when a party moves for reconsideration is *Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151 [250 Cal.Rptr. 435] (*Rojes*), overruled on other grounds in *Passavanti* v. *Williams* (1990) 225 Cal.App.3d 1602, 1606 [275 Cal.Rptr. 887] (postjudgment motions for reconsideration are improper and therefore cannot extend the time for appeal). Notably absent from the *Rojes* analysis is any discussion similar to that contained in *Verdier*. Instead, the *Rojes* decision explains that "[m]otions for reconsideration are analogous to motions for new trial and motions to vacate; they are based on different or newly discovered evidence and contain an explanation of why it could not have been discovered earlier, and they are requests to the trial court to vacate or modify a prior decision or reconsider issues previously before it. (Code Civ. Proc., § 1008.) Therefore, we conclude that the rule we stated . . . 20 years ago and more recently in *Blue Mountain* remains a sound one. . . . We also observe that on several occasions during that time the Legislature and the Judicial Council have revised the applicable statutes and court rules; had either body determined that the rule as stated in *Dockter* [v. *City of Santa Ana* (1968) 261 Cal.App.2d 69 [67 Cal.Rptr. 686]] and restated in *Blue Mountain* was inappropriate, it could have amended the statutes or rules to so reflect. [¶] Additionally, we observe that this rule promotes the policy of favoring applications for relief and resolution of issues in the trial court. To rule otherwise would deter counsel from availing themselves of the remedy provided by Code of Civil Procedure section 1008. If faced with a choice of preserving their right to appeal or filing a motion for reconsideration, counsel certainly would choose to file a notice of appeal. If counsel had filed a motion for reconsideration and the deadline for filing a notice of appeal approached, prudent counsel would file a notice of appeal thereby divesting the trial court of jurisdiction to rule on the motion for reconsideration. In either case, if rule 3 were not applicable, counsel would be deterred from pursuing the remedy provided by Code of Civil Procedure, section 1008." (*Rojes, supra,* 203 Cal.App.3d at pp. 1159-1160.)

The reasoning of *Rojes* might justify the creation of a rule extending the time for appeal after denial of motions for reconsideration, patterned after rule 3(a) and rule 3(b). In our view, however, this must come from the Judicial Council or the Legislature. The reasoning of *Rojes* does not justify interpreting those subdivisions contrary to their express language.

We are not the first to disagree with *Verdier* (and its many progeny) and *Rojes*. In *Crotty* v. *Trader* (1996) 50 Cal.App.4th 765 [57 Cal.Rptr.2d 818]

(*Crotty*), Division Two "disagree[d] with *Blue Mountain Development Co.* when it compared a motion for a new trial to a motion for reconsideration . . . ." (*Crotty, supra,* 50 Cal.App.4th at p. 771.) The *Crotty* decision concluded that "California Rules of Court, rule 3 does not apply to a postjudgment motion for reconsideration." (*Ibid.,* fn. omitted.)

Nearly two decades earlier, in *Lavrischeff* v. *Blumer* (1978) 77 Cal.App.3d 406 [143 Cal.Rptr. 567] (*Lavrischeff*), Division Three reached a conclusion contrary to *Blue Mountain.* In *Lavrischeff,* the appellant sought to appeal an order rendered May 3, 1976. (*Id.* at p. 408.) "[O]n May 6, 1976, appellants noticed a motion for reconsideration of the May 3, 1976 order. On August 3, 1976 the court denied appellants' motion for reconsideration. On August 6, 1976 appellants filed notice of appeal." (*Ibid.*) The *Lavrischeff* decision noted that the notice of appeal was not filed within the 60-day time limit of rule 2 and hence the appeal was untimely. The *Lavrischeff* decision distinguished between a motion to vacate and a motion for reconsideration: "Had appellants moved to vacate a judgment entered May 3d, the appeal would be timely. California Rules of Court, rule 3(b) provides that when a valid notice of intention to move to vacate a judgment is filed within the 60-day appeal period, the time for filing the notice of appeal from the judgment is extended until 30 days after the entry of the order denying the motion to vacate. However, appellants' motion for reconsideration of the order vacating the judgment of dismissal cannot be construed as a motion to vacate a judgment within the meaning of either section 473 or section 663 of the Code of Civil Procedure." (*Lavrischeff, supra,* 77 Cal.App.3d at p. 409; but see *Blue Mountain, supra,* 132 Cal.App.3d at p. 1011 [interpreting *Lavrischeff* as rejecting application of rule 3 because litigants sought reconsideration of motions granted in favor of the opposing parties, a practice not permitted by former Code of Civil Procedure section 1008].)

We agree with the conclusions of *Crotty* and *Lavrischeff.* Rule 3 speaks for itself and in doing so, it does not provide any exception for instances when a party has filed a motion for reconsideration. Rule 3 did not apply in this instance. Rule 2 solely applied and under rule 2, appellant's notice of appeal as to the surcharge order and the February 24 judgment is untimely.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 1395.

## III. DISPOSITION

We dismiss those portions of the appeal seeking review of the February 24, 1998, judgment, the surcharge order, the orders on the two motions for reconsideration and the September 16, 1997, order.

Haning, J., and Stevens, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 17, 1999.