[No. H017739. Sixth Dist. May 14, 1999.]

In re the Marriage of JUDITH and J. KEITH BURGARD.
JUDITH BURGARD, Appellant, v.
SUSAN BURGARD, Respondent.

**COUNSEL**

Law Offices of B J Fadem and B J Fadem for Appellant.

Hoover & Bechtel and Marie C. Bechtel for Respondent.

**OPINION**

**COTTLE, P. J.**—Judith Burgard appeals from a sanctions order entered by the family law court on August 12, 1997, and from an order denying her motion for reconsideration and assessing additional sanctions entered on

October 31, 1997.[1] As we shall explain, the only reviewable order is that portion of the October 31, 1997, order assessing additional sanctions. Judith's appeal from the August 12, 1997, sanction order is untimely, and her motion for reconsideration is not independently appealable in the absence of new or different facts. Regarding the second sanctions order, we conclude the court did not abuse its discretion. Accordingly, we shall affirm the order.

## FACTS

Judith Burgard married the late J. Keith Burgard in 1971 and separated from him in 1981. Judith petitioned for dissolution of marriage, and the parties' marital status was terminated in 1990. Keith remarried shortly thereafter. By 1992, he became seriously ill. He died in 1994.

Before Keith's death, the parties had never had their community property interests formally adjudicated by the court. They did enter into qualified domestic relations orders (QDRO's), however, regarding two of Keith's retirement plans.[2]

The backdrop of this appeal is a third retirement plan that the parties did not divide prior to Keith's death. Keith left the proceeds from this third plan to his second wife, Susan. When Susan applied to Kaiser for benefits under that plan, she discovered that Judith had sent a "notice of possible interest" to Kaiser. Because of that notice, Kaiser withheld Susan's benefits and Susan was forced to litigate.

On January 13, 1997, Susan filed a motion in Judith and Keith's marital dissolution action to be joined as a party and to obtain an order releasing any claimed interest of Judith in the third retirement plan.

Judith's attorney filed no opposition but did attend the March 26th hearing. The court granted Susan's joinder motion but continued the hearing on her motion to release Judith's interest in the third retirement plan until May 8th to give Judith a second opportunity to file opposition. Again, however, Judith filed no opposition nor did she appear at the hearing.

---

[1] In her November 25, 1997, notice of appeal, appellant indicated she was appealing from *three* orders, the first entered on July 30, 1997, the second on August 12, 1997, and the third on October 31, 1997. In her brief on appeal, she abandons any argument regarding the July 30, 1997, order, apparently recognizing that the time for appealing from that order had long passed. Respondent Susan Burgard did not file a brief in opposition to this appeal.

[2] All of Keith's retirement plans were based on his service as a physician for the Permanente Medical Group (Kaiser).

Evidence was presented by Susan's certified public accountant (CPA) that the community interest in the third retirement plan was approximately $44,000 before $70,000 of community debts was paid out of it. Thus, according to the CPA, Judith had no interest in the plan. The court then granted Susan's motion to release Judith's claim to the third retirement plan.

Judith's attorney filed a motion for relief from default pursuant to Code of Civil Procedure section 473. He explained his absence at the hearing was the result of a calendaring mistake, but he did not explain why he did not file any opposition papers. Nor did he attach any proposed opposition to his motion for relief from default. Susan opposed the motion, pointing out its deficiencies, and requested sanctions pursuant to Family Code section 271 and Code of Civil Procedure section 128.5. On July 30, 1997, the court entered its order denying Judith's Code of Civil Procedure section 473 motion and asked the parties to submit additional briefing on the question of sanctions.

After receiving and reviewing the parties' briefs, the court entered its order on August 12, 1997, directing Judith to pay $10,864.88 to Susan in attorney's fees and costs.

On August 22, 1997, Judith filed a motion for reconsideration of the sanctions order. She claimed the motion was "premised upon new facts and circumstances that were not brought to the court's attention previously due to the fact that the document [a 1992 letter from Keith asking Judith to sign a spousal consent form so that he could borrow funds from one of his retirement plans] had not been discovered—Petitioner had no idea what the document was and that it had any affect [sic] upon the issues of this case."[3]

Susan opposed the motion for reconsideration, pointing out, inter alia, that the 1992 letter, always in Judith's possession, could hardly be classified as " 'newly discovered' " evidence. She asked the court to "award additional fees and costs [under Family Code section 271] of no less than $3,335 for this frivolous motion," and she attached an attorney declaration setting forth the hours spent in researching the issues, writing the brief, and attending the hearing on the motion.

After a hearing, the court on October 31, 1997, denied Judith's motion for reconsideration and ordered her to pay to Susan the additional sum of $2,500 for attorney's fees.

---

[3]In that letter, Keith assured Judith, "I am NOT reducing your interest in these funds. The court will decide what your interest is and there will be more than enough to cover your interest."

Judith filed a notice of appeal on November 25, 1997, from the "orders entered July 30, 1997,[4] August 12, 1997, and October 31, 1997," respectively.

## DISCUSSION

1. *August 12, 1997, Order Directing Judith to Pay $10,864.88 to Susan in Attorney's Fees and Costs*

As a general rule, the deadline for filing a notice of appeal is "the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment." (Cal. Rules of Court, rule 2(a).)[5] In this case, notice of entry of the August 12, 1997, order was mailed by the clerk of the court on August 12, 1997. Sixty days after the mailing was October 11, 1997. Judith's notice of appeal from the August 12 order was untimely as it was not filed until November 25, 1997, 105 days after the clerk served a file-endorsed copy of the notice of entry of the order on Judith.

An exception to the 60-day time limit set forth in rule 2 applies in cases where a party files a motion for new trial or a motion to vacate a judgment. Rule 3(a) states: "When a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, *the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law,* but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined." (Italics added.)

Numerous courts have treated a motion for reconsideration like a motion for a new trial or a motion to vacate a judgment entitled to the 30-day extension of rule 3(a). (See, e.g., *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1009 [183 Cal.Rptr. 594]; *Tunis* v. *Barrow* (1986) 184 Cal.App.3d 1069, 1075 [229 Cal.Rptr. 389].) More recent cases, however, have held that rule 3 does not extend time for filing since that rule applies *only* to motions for new trial and to vacate a judgment and not to postjudgment motions for reconsideration. (*Conservatorship of Coombs* (1998) 67. Cal.App.4th 1395, 1399-1400 [79 Cal.Rptr.2d 799]; *Crotty* v.

---

[4]See footnote 1, *ante.*
[5]All further references to "rules" or "rule" are to the California Rules of Court.

*Trader* (1996) 50 Cal.App.4th 765, 771 [57 Cal.Rptr.2d 818].) Under· this newer line of authority, Judith's notice of appeal from the August 12 order is clearly untimely.

But even if this court were to agree with the courts treating a motion for reconsideration like a motion for new trial entitled to the 30-day extension of rule 3(a), Judith's appeal would still be untimely. As the court explained in *Miller* v. *United Services Automobile Assn.* (1989) 213 Cal.App.3d 222, 226-228 [261 Cal.Rptr. 515], where a party accepts the benefits of the rule 3(a) extension in the context of a motion for reconsideration, he or she must also accept the burdens that would apply in the case of a new trial motion; i.e., the "deemed denial" provisions of Code of Civil Procedure section 660.[6]

The *Miller* court stated, "A reading of rule 3(a) (allowing a 30-day appeal extension following denial of a new trial motion) with section 660 (allowing · 60 days for denial of the new trial order by operation of law) indicates *the maximum extension of appeal time when a new trial motion is involved is 90 days*. [¶] . . . [¶] While Miller would have us find the motion for reconsideration analogous to the new trial motion for some purposes (e.g., so he can take advantage of the rule 3(a) extensions), but not for other purposes (e.g., so he is not subject to the entry of the order by operation of law per § 660)[,] . . . [we conclude that if a] motion for reconsideration is 'subject to the qualifications stated in rule 3[,]' [] [then] the procedural restrictions central to a rule 3(a) motion for new trial, including section 660, [should also apply]. Therefore, the notice of appeal was untimely in that it was filed more than 30 days after denial of the motion by operation of law, and not within the maximum 90-day period." (*Miller* v. *United Services Automobile Assn., supra,* 213 Cal.App.3d at pp. 226-228, italics added, fns. omitted; accord, *Gill* v. *Hughes* (1991) 227 Cal.App.3d 1299, 1311-1312 [278 Cal.Rptr. 306]; but see *Passavanti* v. *Williams* (1990) 225 Cal.App.3d 1602, 1607-1608, fn. 5 [275 Cal.Rptr. 887] [criticized *Miller* to the extent it suggested that a postjudgment motion for reconsideration extends the time to appeal].)

Applying the *Miller* rule to this case, the August 12, 1997, order was deemed denied on October 11, 1997. Because the notice of appeal was not filed within 30 days of that date, it is time-barred.

2. *October 31, 1997, Order Denying Motion for Reconsideration*

██ "Courts are split as to whether an order denying reconsideration (Code Civ. Proc., § 1008) is appealable. (Eisenberg et al., Cal. Practice

---

[6] A new trial motion is denied by operation of law 60 days from the date of the notice of entry of judgment (a jurisdictional limitation). (Code Civ. Proc., § 660.)

Guide: Civil Appeals & Writs (The Rutter Group 1993) § 2:158, p. 2-49.) Some courts allow the appeal if the underlying order was appealable and the motion for reconsideration was based on new or different facts. [Citation.] Other courts deem orders denying reconsideration analogous to nonappealable orders denying a new trial and, thus, treat them as nonappealable. [Citations.]" (*Alioto Fish Co.* v. *Alioto* (1994) 27 Cal.App.4th 1669, 1679 [34 Cal.Rptr.2d 244].)

Most of the recent cases consider a motion for reconsideration never appealable. (See, e.g., *Crotty* v. *Trader, supra,* 50 Cal.App.4th at p. 769; *Hughey* v. *City of Hayward* (1994) 24 Cal.App.4th 206, 210 [30 Cal.Rptr.2d 678]; *Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151, 1160 [250 Cal.Rptr. 435], overruled on other grounds in *Passavanti* v. *Williams, supra,* 225 Cal.App.3d 1602 [" 'The same policy reasons for determining that denials of motions to vacate judgments and motions for new trial are not appealable are applicable to denials of motions for reconsideration: namely, to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal' "].)[7]

Assuming we were to maintain the position we held in *Santee* v. *Santa Clara County Office of Education, supra,* 220 Cal.App.3d 702, that a motion for reconsideration is appealable if the underlying order is appealable and if the motion for reconsideration is based on new or different facts, in this case the motion would still fail. First, the order of which Judith sought reconsideration, i.e., the August 12, 1997, sanction order, is no longer appealable because her notice of appeal was not filed within the 60-day and 90-day time limits set forth in rules 2 and 3. (See pt. 1 of this opinion, *ante.*) Second, the motion was not based on new or different facts. It is undisputed that Judith had the 1992 letter her former husband faxed to her in her possession at all times since receipt. Under no circumstances can this be considered a new fact. The explanation that she did not understand the import of the letter is not a satisfactory explanation for her failure to submit the evidence or law earlier. (See, e.g., *Garcia* v. *Hejmadi* (1997) 58 Cal.App.4th 674, 688 [68 Cal.Rptr.2d 228]; *Baldwin* v. *Home Savings of America* (1997) 59 Cal.App.4th 1192, 1198-1199 [69 Cal.Rptr.2d 592].)

---

[7]Approximately 10 years ago, before the recent spate of opinions holding that motions for reconsideration are never appealable, we noted in *Santee* v. *Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 710 [269 Cal.Rptr. 605] that "[a]n order denying a motion for reconsideration . . . which raises new facts is . . . appealable."

Under these circumstances, we conclude the October 31, 1997, order denying reconsideration was not appealable even under the line of authority that holds such an order is appealable when the motion for reconsideration is based on "new or different facts."

### 3. October 31, 1997, Order Awarding Additional Sanctions

■ The court's October 31, 1997, order not only denied Judith's motion for reconsideration, it also ordered her to pay Susan an additional $2,500 in attorney's fees and costs[8] pursuant to Family Code section 271. We conclude that that portion of the order is appealable and that Judith's November 25, 1997, notice of appeal was timely filed.

Family Code section 271 provides that the court may impose an award of attorney's fees and costs "in the nature of a sanction" where the conduct of a party or attorney "furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys."

A sanction order under Family Code section 271 is reviewed under the abuse of discretion standard. " '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order . . . .' [Citations.]" (*In re Marriage of Daniels* (1993) 19 Cal.App.4th 1102, 1106 [23 Cal.Rptr.2d 865].)

Applying the applicable standard to the case at bar, we conclude there was no abuse of discretion in assessing additional sanctions. Judith's prior conduct had resulted in an earlier sanction award and her new motion for reconsideration did not present any new or different facts. Susan was obligated to respond to an unnecessary motion, to write a brief, to research the law on motions for reconsideration, to appear at yet another hearing. Her attorney documented the hours spent based on the motion, and requested a minimum of $3,335 in fees. The court reduced this request to $2,500. On these facts, we find no abuse of discretion.

---

[8]The court's order did not specify that the award was authorized by Family Code section 271; however, Susan had requested additional fees pursuant to that section in the amount of $3,335. The court's order was its ruling on her request.

## DISPOSITION

The judgment is affirmed.

Premo, J., and Elia, J., concurred.