Filed 4/8/21  P. v. Barrera-Izaba CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> GLENN JOSUE BARRERA-IZABA, <br><br>     Defendant and Appellant. | A159282 <br><br> (San Mateo County Super. Ct. Nos. SC076650, NF411195) |

Defendant Glenn Josue Barrera-Izaba appeals from the order denying his motion to set aside his 2012 convictions because of prejudicial error concerning the possible adverse immigration consequences of his pleading no contest to four felony counts.  We affirm.

## BACKGROUND

On November 2, 2012, as part of a negotiated disposition, defendant, who was 24 years old and had a criminal record since 2009, entered pleas of no contest to two felony counts of insurance fraud (Pen. Code, § 550[1]) and two felony counts of  grand theft (§ 487); seven remaining counts of fraud, forgery and grand theft were dismissed.  Prior to doing so,

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

defendant executed a change of plea form with the following language: "I understand that if I am not a citizen, conviction of the offense for which I have been charged **will** have the consequences of deportation, exclusion from admission to the United States or a denial of naturalization." Prior to changing his pleas, defendant was asked by the court, "Do you understand if you're not a citizen of the United States that conviction of these offenses *could* lead to deportation, denial of naturalization, or exclusion from admission to the United States pursuant to the laws of the United States." (Italics added.) Defendant replied, "Yes, sir." Imposition of sentence was suspended, and defendant was admitted to three years' probation upon specified conditions.

Defendant completed probation successfully. He was therefore no longer deemed in constructive custody, meaning that relief in habeas corpus was not available. (See *People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1130-1131.) In order "to 'fill [this] gap in California criminal procedure'" where there was no "means to challenge a conviction by a person facing possible deportation who is no longer in criminal custody," the Legislature enacted section 1473.7. (See *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 976.)

Section 1473.7 authorizes a motion to vacate a conviction on various grounds. One of those grounds, the one relevant here, is the conviction "is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." (§ 1473.7, subd. (a)(1).)

2

In October 2019, defendant filed a motion to vacate conviction or sentence. The supporting particulars in an attached declaration were that, prior to changing his pleas he asked his attorney, Alexander Cross, "what the immigration consequences of conviction would be, and the attorney said he did not know and that defendant should ask an immigration attorney." The motion set forth the "will" language of the change of plea form and the "could" language used by the court. Defendant concluded: "If he had been informed by Mr. Cross or by the judge that deportation would be mandatory, he would not have pleaded nolo contendere and would have told Mr. Cross to negotiate for a plea bargain that would not entail mandatory deportation or that he wanted to go to trial."

The prosecution filed opposition indicating this was "a he said—he said circumstance. The court has to decide whom to believe. On one hand, there is a convicted felon, a convicted fraudster, a liar, and the person with the burden [of proof]. On the other hand, there is an attorney [i.e., Cross] who told the People that it is his (obvious) standard practice to warn of immigration consequences in all felony cases . . . ."

The trial court conducted a hearing on the motion. Attorney Cross testified that, although he had no recollection of the specific details of defendant's case, his practice at the time was to advise his clients with the mandatory language of the change of plea form—that a felony conviction would result in deportation—but he might have suggested that the client consult an "immigration attorney." The court heard argument, and denied the motion from the bench.

3

Among the relevant parts of the denial are the following: "[T]he colloquy with Judge Davis at the time of the plea and the plea form and the advice of an attorney, all of that I think was clearly sufficient to place the defendant on notice that this was an issue. [¶] . . . [¶] The colloquy with Judge Davis, the plea form, and the discussion with Mr. Cross was the best advice that was available about the process in 2012."

"[I]n effect [defendant] was told—I'll paraphrase—this [i.e., possible immigration consequences of pleading guilty] is a concern and problem for you. You should be aware of it, and he said he was; not exact words but that's the import of what was said in writing and orally by Judge Davis, and to some extent by Mr. Cross."

"But, you know, he was told, hey, this is an issue, do you understand that? Are you doing this freely and voluntarily[?], and [he] went forward and entered the plea.

"Based on all that, I find that the process was proper, and the defendant's motion is denied."

Defendant moved for reconsideration, which was denied. Following its denial, defendant filed a timely notice of appeal from both orders. The first order is appealable (§§ 1473.7, subd. (f), 1237, subd. (b)); the second is not, but it can be reviewed on the valid appeal of the first order (Code Civ. Proc., § 1008, subd. (g); *Crotty v. Trader* (1996) 50 Cal.App.4th 765, 769).

## REVIEW

The parties agree that the standard of review depends upon what sort of error is asserted. "To the extent that a defendant seeks review of the denial of a motion to vacate a plea based on violation of a constitutional right, such as ineffective assistance of counsel under the

4

Sixth Amendment, such a violation would implicate a mixed question of law and fact and therefore we would independently review the denial. . . . '[T]o the extent the motion asserts statutory error or a deprivation of statutory rights, the denial is reviewed for an abuse of discretion.' " (*People v. Bravo* (2020) 58 Cal.App.5th 1161, 1166-1167 (*Bravo*), review granted Mar. 24, 2021, S266777.)  With a mixed question, " '[w]e accord deference to the trial court's factual determinations if supported by substantial evidence in the record, but exercise our independent judgment in deciding whether the facts [establish a constitutional violation].' " (*People v. Tapia* (2018) 26 Cal.App.5th 942, 950.)  As for abuse of discretion, "a ' "decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial court.' " ' . . .  [A] trial  court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Defendant's opening brief has a single framed argument, namely, that the trial court "abused its discretion" in denying his motion (and presumably the motion for reconsideration as well) because it "misinterpreted the law."  There are a number of sub-arguments.

"First, the Court mistook the legal grounds set forth in  the underlying motion with that of a motion brought under Penal Code section 1016.5, suggesting that all that was legally required was an advisement under section 1016.5.  Based upon this misunderstanding, the Court failed to consider the factors that impeded appellant's ability to meaningfully understand, defend against, or knowingly accept the actual

5

or potential consequences. Further, in denying the motion, the Court erroneously found in favor of the prosecution's argument that trial counsel's general advisement of uncertain immigration consequences constituted accurate advice and that was all that was legally required. Finally, the Court failed to apply the correct standard of prejudice in denying the motion."

It is not easy to determine whether defendant is asserting statutory or constitutional claims. At first glance, by invoking the abuse of discretion standard, defendant would appear to be getting ready to argue only statutory claims. On the other hand, defendant does make this omnibus assertion: "Here, appellant's plea was invalid based on upon ineffective assistance of counsel, as appellant was denied his Fifth, Sixth, and Fourteenth Amendment rights to counsel, due process, and the right to a fair trial, and the corresponding rights under the state constitution." Defendant states that "[a]ll of the grounds raised under section 1473.7[, subdivision] (a)(1) must be accompanied by proof of prejudice," only to apparently repudiate this two sentences later with "[d]efendants do not need to show they actually could have obtained a more favorable outcome at trial or in plea negotiations." He then seems to veer back to a statutory basis when he asserts the trial court "failed to consider appellant's subjective understanding under [section] 1473.7[, subdivision] (a)(1)."

Having carefully examined defendant's brief, we think the essence of his position is that he was misadvised of the possible immigration consequences when he changed his plea in 2012. Defendant did not bring this argument forward until after section 1473.7 was adopted and amended. When he concludes that his "case must be considered within the

6

broad context of the amended statu[te]," and that he "has affirmatively established a 'prejudicial error' within the meaning of section 1473.7, subdivision (a)(1)," defendant appears to accept that his claim has a statutory basis and is to be judged according to the criteria set out in that statute. Accordingly, defendant's arguments will be measured against the abuse of discretion standard, with the exception of claim that he received ineffective assistance from attorney Cross in 2012.

The heart of this appeal is about two words, the "will" used in the change of plea form, and the "could" used orally by the trial court.

Since 1978, section 1016.5 has required trial courts to advise criminal defendants with this language: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged *may* have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a), added by Stats. 1977, ch. 1088, § 1, italics added.) The trial court is not required to go beyond this language and identify which offenses will result in mandatory deportation. (See *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 174, fn. 4.) Although the trial court in 2012 deviated from this language, changing "could" for "may" and putting it in the form of an interrogatory, neither party suggests this modification subverted the statutory goal, or that the court failed to discharge its duty under section 1016.5. (See *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 207-208 [substantial compliance will satisfy § 1016.5].)

And on the subject of the trial court, there is no basis for defendant to assert that the court was using section 1016.5 glasses to examine a

7

section 1473.7 claim. Section 1016.5 was never mentioned at either of the hearings. Moreover, a defendant denied leave under section 1016.5—or section 1018, which is the general all-purpose statute—to withdraw a plea of guilty or no contest must have that decision reviewed under the same abuse of discretion standard (*People v. Patterson* (2017) 2 Cal.5th 885, 894; *Bravo, supra*, 58 Cal.App.5th at p. 1167), prejudice must be demonstrated (*People v. Totari* (2002) 28 Cal.4th 876, 884; *Bravo*, at pp. 1167-1168), and any findings of fact will be upheld if supported by substantial evidence (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254), the same standard for judging mixed questions under section 1473.7.

The record does not reveal why the San Mateo County Superior Court form entitled "Declaration Concerning A Plea Or Change Of Plea To Guilty Or Nolo Contendere; Finding And Order (Felony)" employs the more emphatic language that "conviction of the offense for which I have been charged **will** have the consequences of deportation, exclusion from admission to the United States or a denial of naturalization." (Boldface and underscoring in original.) Whatever the genealogy, both sides eventually accepted that this was the essence of what defendant was told by attorney Cross prior to changing his pleas in 2012. This dooms any effort to establish ineffectiveness of counsel.

The entire thrust of defendant's arguments appears to be that use of "could" on one hand, and "will" on the other, created a confusion that amounts to "prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo

8

contendere" within the meaning of section 1473.7.  The trial court did not agree, and neither do we.

According to defendant, Cross was too emphatic in advising that a felony conviction would automatically lead to deportation:  "a review of the Immigration Legal Resource chart from 2013 advises that the felony charges of insurance fraud under section 550, [subdivision] (b)(3), grand theft under section 487[, subdivision] (a) and forgery under section 470[, subdivision] (a) were not *per se* aggravated felonies resulting in automatic deportation."  But an aggravated felony is only one of the grounds for deportation (8 U.S.C. § 1227(a)(2)(A)(iii)); another ground is committing "crimes of moral turpitude" (*id*., (a)(2)(A)(i), aka CIMT), and defendant concedes that "each of the charged offenses [against him] constituted 'crimes of moral turpitude.' [Citation.]  Appellant was not advised that each of the charged offenses constituted a CIMT, and he could not afford to accept a plea to a CIMT as charged . . . .  Without this basic information, appellant did not actually understand the immigration consequences or the importance of the plea negotiation process."

"Further, this . . . misadvice and misunderstanding prevented appellant from defending against the immigration consequences of the plea.  Misinformed, appellant would have erroneously believed that there was no point in further negotiations with the prosecution, as he would have been informed that any alternate 'felony' plea that he could negotiate would also result in certain deportation."

This is faulty reasoning.  Regardless of the statutory classification, each of the 11 offenses charges against defendant was a crime involving moral turpitude and thus would be grounds for deporting him or refusing

him re-entry. (See 8 U.S.C. § 1182(a)(2)(A)(i)(I).) This is the plain import of what Cross told defendant, which in turn reiterated what defendant was also told by the change of plea form. (See *People v. Olvera* (2018) 24 Cal.App.5th 1112, 1117 ["The admonition . . . was unequivocal and accurate"].) Because it is counsel's advice that is examined (see *People v. Patterson*, *supra*, 2 Cal.5th at p. 896; cf. § 1016.3, subd. (a) ["Defense counsel shall provide accurate and affirmative advice about the immigration consequences of a proposed disposition"]), the less emphatic language used by the trial court in 2012 cannot be used to manufacture confusion in defendant's mind, for purposes of section 1473.7. Thus, defendant was *not* misadvised by Cross. On the contrary Cross gave defendant correct information—that by pleading guilty he would be subject to deportation and denial of re-entry.

As for the issue of possible "further negotiations" with the prosecution, defendant has only pure speculation. Given the opportunity at the hearing, he did not cross-examine attorney Cross on this subject. He does not specify what lesser included offenses might have been sought. If all the charged offenses would support deportation, what was there to negotiate? If the prosecution was determined on deportation, that might explain why it was willing to dismiss seven counts and accept such a lenient disposition. Defendant could certainly believe that this was the best disposition he could reasonably expect in the circumstances.

If deportation was, as defendant now suggests, an absolutely unacceptable outcome, the question must be asked: then why did he accept the plea bargain when it clearly entailed deportation? We note that there is nothing in the record to suggest that defendant has, or in 2012

10

had, any difficulty understanding or communicating in English. When defendant changed pleas in 2012, he did not require an interpreter.

Although he asserted in his declaration to his petition that attorney Cross did not provide a clear answer on the issue of immigration consequences, he dropped this claim after Cross testified. Defendant's declaration is short, and short on details. Most significantly, it does not set forth defendant's reaction to the plain language of the change of plea form. The trial court could reasonably draw negative inferences against defendant because of his failure to address that issue. (See Evid. Code, § 413.)

The boilerplate language of the motion that "If he had been informed by Mr. Cross or by the judge that deportation would be mandatory, he would not have pleaded nolo contendere" is clearly self-serving. It "must be corroborated independently by objective evidence," and as such it "is insufficient in and of itself to sustain the defendant's burden of proof." (*In re Alvernaz* (1992) 2 Cal.4th 924, 938; accord, *People v. Martinez* (2013) 57 Cal.4th 555, 565; *Bravo, supra*, 58 Cal.App.5th at pp. 1171-1172; cf. *Lee v. United States* (2017) __U.S. __, __ [137 S.Ct. 1958, 1967] ["Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded"].)

Again, the skimpiness of the declaration works against defendant. For example, he provides no history of discussions between the prosecution and the defense, nothing which supports a claim that the prosecution would have been amenable to re-opening negotiations.

Defendant's boilerplate conclusion is also belied by his own conduct. In 2017, five years after he entered the nolo contendere pleas, defendant

11

again pled nolo contendere to another felony insurance fraud count, using the same change of plea form, with the identical "will" language, and the court again reciting the language of section 1016.5. Defendant was again admitted to probation. (This conviction was not challenged by defendant's motion because the period of probation had not been completed.) In other words, he did the exact same thing years later. The trial court could infer from this episode that defendant had concluded the mandatory deportation language was toothless and could be safely ignored.

There does not appear to be a basis in the record for defendant claiming "subjective misunderstanding" that was prejudicial to his interests.

In light of the foregoing, and regardless of the standard of review employed, we conclude there is no basis for reversal. Defendant has not demonstrated the reasonable probability that he would not have entered nolo contendere pleas in 2012 had he been differently advised.

## DISPOSITION

The purported appeal from the order denying defendant's motion for reconsideration is dismissed. The order denying defendant's motion to vacate sentence or conviction is affirmed.

_____

STEWART, J.

We concur.


_____

KLINE, P.J.



_____

RICHMAN, J.








*People v. Barrera-Izaba* (A159282)