Filed 3/22/13  Marriage of Castaneda CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| In re the Marriage of MANUEL and REBECCA CASTANEDA. | C067676 |
| MANUEL CASTANEDA,<br><br>Appellant,<br><br>v.<br><br>REBECCA HANDAL,<br><br>Respondent. | (Super. Ct. No. 06FL07064) |

Manuel Castaneda (husband) appeals from a postjudgment order directing him to produce documents responsive to a notice to produce documents at trial and to pay $3,155 in monetary sanctions in the form of attorney fees and costs to Rebecca Handal (wife) under Family Code section 271.[1]

Husband contends the trial court abused its discretion and violated his federal and state constitutional right to due process of law by basing the sanctions award on his and

---

[1] Further unspecified section references are to the Family Code.

his counsel's conduct at husband's deposition, a ground not asserted by wife in her motion to compel. He claims that because he had no notice that sanctions might be imposed based on what happened at his deposition, he was deprived of his statutory and constitutional right to notice and an opportunity to be heard. He also asserts that the trial court abused its discretion in summarily dismissing his request for attorney fees from wife. He does not appeal that portion of the order directing him to produce documents.

We shall conclude, as husband contends, that the sanctions award was based on husband and husband's counsel's conduct at husband's deposition and not on husband's objections to the notice to produce documents at trial. We shall further conclude, however, that the lack of a reporter's transcript for the hearing on wife's motion to compel requires us to assume that the trial court complied with its statutory and constitutional obligations and informed the parties that it was considering imposing sanctions based on husband and husband's counsel's conduct at the deposition and provided husband an opportunity to address whether sanctions were proper on that basis. Finally, we shall reject husband's contention that the trial court abused its discretion in summarily dismissing his request for attorney fees from wife. Accordingly, we shall affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Husband and wife were married for 16 years and have one minor child. The parties marriage was dissolved by a judgment of dissolution entered in March 2007. At the end of 2009, husband filed a postjudgment motion to modify child and spousal support based on his loss of employment. A trial was initially set for September 16, 2010, and later was continued to February 18, 2011.

On August 22, 2010, wife served on husband a notice of taking husband's deposition, which directed husband to bring with him to the deposition 33 categories of documents. The deposition was twice re-noticed and was eventually set for February 3, 2011. Each amended notice was accompanied by an order directing husband to bring

2

with him to the deposition 34 categories of documents. The categories of documents requested largely pertained to husband's financial condition and efforts to obtain employment.

On January 28, 2011, wife served on husband a notice to produce documents at trial pursuant to Code of Civil Procedure section 1987, subdivision (c), which requested husband bring with him to trial 38 separate categories of documents. The categories of documents specified were essentially the same as those set forth in the various deposition notices.

On February 2, 2011, husband served wife with his objections to the notice to produce documents at trial.

The following day, February 3, 2011, husband and his counsel appeared for husband's deposition and brought with them documents responsive to some of the document requests set forth in the notice of deposition.

On February 9, 2011, wife provided notice to husband that she would be seeking ex parte relief from the trial court the following day relating to her notice to produce documents at trial. In her application, wife requested an ex parte order that husband produce documents at trial pursuant to the notice to produce documents at trial, or an order shortening time for a hearing on her motion for such an order, and requested $2,592.50 in attorney fees and costs "associated with responding to [husband's] objections" to the notice to produce documents at trial. No mention is made of husband's deposition in the application.

At the February 10, 2011, hearing on wife's ex parte application, the trial court heard argument from both sides. The parties have not provided us with a copy of the reporter's transcript from that hearing. The parties agree that the subject of husband's deposition was raised at the hearing, the trial court expressed an interest in reviewing the deposition transcript, and the trial court was provided with a copy of the transcript without any objection. According to the trial court's order, husband's February 3, 2011,

3

deposition was referenced during the hearing, and a copy of the deposition transcript was provided to and reviewed by the trial court. Because the trial court "did not have the benefit of a referenced deposition, motion to produce, and exhibits salient to the motion or response," it "afforded each party an opportunity . . . to provide . . . documents relevant to each party's arguments" and ordered counsel to return on February 14, 2011, "for further hearing and ruling." In his written response, husband argued, among other things, that wife's motion was made "without substantial justification" and sought attorney fees from wife pursuant to section 271 and Code of Civil Procedure section 1987.2.

At the February 14, 2011, hearing, the parties submitted the matter on the papers, and the trial court granted wife's ex parte application. In a written "Order Following Ex Parte Application Re Discovery and Sanctions," prepared in advance of the hearing, the trial court overruled husband's objections to the notice to produce documents at trial, summarily dismissed his request for attorney fees from wife, and ordered him "to produce four copies of each document at trial per [wife's] notice to produce documents pursuant to Code of Civil Procedure section 1987 [subdivision] (c)" and "to tender forthwith attorney fees in the sum of $3,075 and costs in the sum of $80 to [wife] pursuant to Family Code section 271." In deciding to order husband to pay wife attorney fees and costs, the court concluded: "The deposition reveals a petitioner [husband] and counsel [Ms. Katherine Codekas] who have demonstrated a clear effort to frustrate efforts to reduce the cost of litigation with a lack of collaborative spirit or cooperation." In particular, the court found that "[t]he deposition . . . reflects dialogues between and among counsel and the deponent that indicate an evident obfuscation perpetrated by [Ms. Codekas]. On the one hand, [Ms. Codekas] refused to tender documents unmarked; and, conversely, objected to having documents marked and copies thereafter furnished. Rather than effecting an accommodation between professionals, it was evident that [wife's] efforts to properly and professionally prepare for trial would not occur. At

4

2:14 p.m., [husband] and [Ms. Codekas] departed the deposition and removed documents purportedly marked by the court reporter. At 2:35 they returned and the deposition resumed at 2:41 p.m. [¶] . . . Upon resuming, it appeared to the court that the deposition proceeded with less acrimony, although particular tensions arose. A deposition serves various professional forensic functions: it permits, for example, counsel to evaluate the witness, or avenues for further or less discovery, or sets the stage for subsequent impeachment, or assists counsel with an understanding of a particular area so that trial time is not wasted. [Wife's] counsel was evidently engaged in this and more in the conduct of [husband's] deposition. [Ms. Codekas] periodically interjected clarifications and, at other times, interposed objections or comments. Some reserved issues for a court's consideration, others less so. And, sadly, some of Ms. Codekas' comments at counsel were clearly ad hominem (e.g., 'Newbie,' 'little associate,' 'big associate')." The court further observed that while it "comprehends an attorney's efforts at posturing before his or her client, Ms. Codekas' name calling (e.g., 'witch') of opposing counsel (Ms. Chavis) is hardly conducive to the professionalism expected of an officer of the court. . . . A reading of the deposition reveals that neither [husband] nor his counsel were [*sic*] prudentially restrained."

The trial court summarily dismissed husband's request for attorney fees from wife as "lacking good cause."

DISCUSSION

I

Husband Failed to Meet His Burden of Demonstrating Error with Respect to the Award of Attorney Fees and Costs to Wife

Husband's primary contention of appeal is that "[t]he trial court abused its discretion and violated [his] constitutional right to due process of law by sanctioning [him] for his conduct at his deposition without giving him the opportunity to be heard on whether such sanctions were warranted." According to husband, "[w]ife's ex parte

5

motion for sanctions was based on husband's objections to her notice to produce documents and things at trial, not on what happened at his deposition," and that by sanctioning him for what happened at his deposition, the trial court violated his statutory and constitutional rights to notice and an opportunity to be heard.

"[A] motion for attorney fees and costs in a dissolution proceeding is left to the sound discretion of the trial court. [Citations.]  In the absence of a clear showing of abuse, its determination will not be disturbed on appeal. [Citations.]  '[The] trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made.  [Citations.]' [Citation.]"  ( *In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768-769; *In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 82 [imposition of sanction pursuant to section 271 is reviewed under abuse of discretion standard].)  "The burden is on the complaining party to establish abuse of discretion.  [Citations.]" (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682.)

" 'Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.'  [Citation.]  ' "We must indulge in every presumption to uphold a judgment, and it is [husband's] burden on appeal to affirmatively demonstrate error–it will not be presumed.  [Citation.]" [Citations.]' [Citation.]" (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 (*Sullivan*).)  Not only does husband bear the burden of demonstrating that he did not receive notice that the trial court was considering imposing sanctions based on what happened at his deposition or an opportunity to be heard as to whether sanctions were appropriate on that basis, but he further bears the burden of providing a record on appeal that affirmatively shows there was an error below, and any uncertainty in the record must be resolved against him.  (*Ibid.*)  With these principles in mind, we turn to husband's contention.

6

Section 271 provides in pertinent part: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction." (*Id.,* at subd. (a).) "An award of attorney's fees and costs as a sanction pursuant to this section shall be imposed only after notice to the party against whom the sanction is proposed to be imposed and opportunity for that party to be heard." (*Id.,* at subd. (b).) "Adequate notice prior to imposition of sanctions is mandated not only by statute, but also by the due process clauses of both the state and federal constitutions. (Cal. Const., art. I, § 7; U.S. Const., 14th Amend.)" (*O'Brien v. Cseh* (1983) 148 Cal.App.3d 957, 961.)

As a preliminary matter, we agree with husband that the trial court based its sanctions award on what happened at husband's deposition as opposed to husband's objections to wife's notice of motion to produce documents at trial. In awarding wife her attorney fees and costs, the trial court specifically referenced the husband's and Ms. Codekas's conduct at husband's deposition. The paragraph of the trial court's order which addresses wife's request for attorney fees and costs states: "The deposition reveals a petitioner [husband] and counsel [Ms. Codekas] who have demonstrated a clear effort to frustrate efforts to reduce the cost of litigation with lack of collaborative spirit or cooperation." That is the only conduct mentioned by the trial court as a basis for its sanctions award.

Wife's contention that the sanctions award was based on husband's and Ms. Codekas's refusal to produce documents on "multiple occasions and at Trial . . . , filing frivolous objections, [and] forcing [an] ex parte hearing on a motion to compel" is at odds with the court's written order and is otherwise not supported in the record. Moreover, the trial court could not have properly based its sanctions award on husband's objections to

7

the notice to produce documents at trial because, as husband argued, the notice lacked the requisite specificity. Pursuant to Code of Civil Procedure section 1987, subdivision (c), "The notice shall state the *exact* materials or things desired and that the party or person has them in his or her possession or under his or her control." (Italics added; see also see also Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2012) ¶¶ 1:115 to 1:115.1, p. 1-29 (rev. # 1, 2012) ["For discovery purposes, a party may compel document production by reasonably describing a category of documents . . . . [¶] But to obtain production at trial, the description must be 'exact' (e.g., 'letter dated June 21, 1990, written by Harry A. Jones to Paula Smith, captioned "Re XYZ" and marked as Exhibit "A" in Smith's deposition'). [¶] . . . This prevents parties from using a 'notice to produce' for discovery purposes after discovery is closed"].) Contrary to the language of Code of Civil Procedure section 1987, wife's notice did not specify "exact" materials to be brought to trial. Rather, in the manner of a discovery request, it listed broad categories, instructing husband to bring documents fitting those categories, should any exist. Thus, the trial court should have concluded that the notice failed to satisfy the requirements of section 1987 and denied wife's motion to compel. Because we conclude the sanctions award was not based on husband's objections to the notice to produce documents at trial, and husband does not appeal the portion of the trial court's order directing him to produce documents responsive to the notice to produce documents or things at trial, we shall not disturb that portion of the trial court's order.

Husband is also correct in his assertion that wife's ex parte motion to compel, which included her request for sanctions in the form of attorney fees and costs, made no mention of husband's deposition. Rather, the motion was directed at husband's objections to the notice to produce documents at trial.

Turning, finally, to husband's contention that "[t]he trial court erred in sanctioning husband for what happened at his deposition without giving him the requisite notice and opportunity to be heard," we find that our ability to address this contention is precluded

8

by the lack of a complete record in this case, particularly, the lack of a reporter's transcript of the ex parte hearing where the subject of husband's deposition was first raised. (See *Sullivan, supra,* 151 Cal.App.4th at pp. 548-550.) We know from the trial court's order that Ms. Codekas appeared at the hearing, husband's deposition was referenced at the hearing, the trial court was provided with and reviewed a copy of the transcript of that deposition, and that the trial court based its sanctions award on husband's and Ms. Codekas's conduct at that deposition. Without the reporter's transcript of the hearing, we do not have before us the content of what transpired at the hearing, including any notice given to husband that the court was considering imposing sanctions based upon what happened at his deposition, arguments made in relation thereto, or any inquiry made by the trial court before imposing the sanctions. Thus, no error affirmatively appears in the record before us, as it would, for instance, if we could consult the transcript and determine that no notice or opportunity to be heard was given. (See *id.* at p. 548 and fn. 7.) Even assuming, as husband contends, that he was entitled to written notice under section 271, we likewise must presume that he waived the lack of written notice either expressly or by failing to object to the lack thereof at the hearing. (*Sullivan, supra,* at p. 549.)

Also implicated here is the rule articulated in Evidence Code section 664 that " '[c]ourt and counsel are presumed to have done their duty in the absence of proof to the contrary.' [Citations.] The general rule is ' "that a trial court is presumed to have been aware of and followed the applicable law. [Citations.]" [Citations.] This rule derives in part from the presumption of Evidence Code section 664 "that official duty has been regularly performed." ' [Citation.] The effect of the rebuttable presumption created by section 664 is ' "to impose upon the party against whom it operates the burden of proof as to the nonexistence of the presumed fact." [Citation.]' [Citations.]" (*Sullivan, supra,* 151 Cal.App.4th at pp. 549-550.) In the absence of a reporter's transcript, we must assume the trial court followed established law and informed the parties that it was

9

considering imposing sanctions based on what happened at husband's deposition and provided husband with an opportunity to address whether sanctions were appropriate on that basis before the court imposed sanctions. (See *id.* at p. 550; see also *People v. Carter* (2003) 30 Cal.4th 1166, 1214-1215 [absent any contrary indication in the record, a reviewing court must assume that the trial court followed established law related to notice and an opportunity to be heard].)

Because the record on appeal fails to support husband's claim that he never received notice that the court was considering imposing sanctions on him for what happened at his deposition or an opportunity to argue why it would be improper to sanction him on that basis, he has failed to satisfy his burden on appeal. (*Sullivan, supra.* 151 Cal.App.4th at p. 459.)

Having reviewed the deposition transcript in its entirety, we find that the trial court acted well within its discretion in awarding wife her attorney fees and costs based on husband's and Ms. Codekas's conduct at husband's deposition. (*In re Marriage of Sullivan, supra,* 37 Cal.3d at pp. 768-769.) There is ample support for the trial court's conclusion that husband and his counsel "demonstrated a clear effort to frustrate efforts to reduce the cost of litigation with a lack of collaborative spirit or cooperation." As the trial court found, Ms. Codekas refused to provide documents responsive to the documents requested in the notice of deposition to wife's counsel as a group so that she could quickly review them. Rather, Ms. Codekas indicated she would give them to wife's counsel one-by-one during the deposition as each document was identified. Later, when wife's counsel sought to have the first document marked as an exhibit, Ms. Codekas insisted that wife's counsel first make a copy. When wife's counsel requested that Ms. Codekas provide her with all of the documents so that she could copy them all at once, Ms. Codekas again refused, insisting instead that that wife's counsel copy the documents one at a time throughout the deposition. When wife's counsel objected, Ms. Codekas accused her of being "lazy." Ms. Codekas continued to insult wife's counsel throughout

10

the deposition and engaged in other unprofessional and obstreperous conduct too numerous to list here.  Although the trial court's order does not set forth its calculations, impliedly the court determined an award based on the extent to which husband's and Ms. Codekas's conduct frustrated the policy set forth in section 271.  (§ 271, subd. (a); see also *Sullivan, supra,* 151 Cal.App.4th at pp. 549-550; *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1479-1480 [section 271 does not set forth any requirement of separate injury to the complaining spouse as a precondition to the imposition of sanctions].)

II

The Trial Court Did Not Abuse Its Discretion in Summarily Dismissing Husband's Request for Attorney Fees from Wife

Finally, we reject husband's assertion that the trial court abused its discretion in summarily dismissing his request for attorney fees from wife.  Husband requested an award of attorney fees pursuant to section 271 and Code of Civil Procedure section 1987.2.  As relevant here, Code of Civil Procedure section 1987.2, subdivision (a), vests trial courts with discretion to award attorney fees incurred in opposing a motion to compel the production of documents or things at trial if the court finds the motion was made in bad faith or without substantial justification.  As previously discussed, section 271, subdivision (a), provides that "the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys."

The record does not support a finding that the motion to compel was filed in bad faith or for any improper purpose.  Although, as set forth above, the trial court should have denied the motion because the notice to produce documents at trial lacked the requisite specificity, the motion's lack of merit alone does not mandate an award of attorney fees to the opposing party under either section 271 or Code of Civil Procedure

11

section 1987.2. Such an award is discretionary. (Code Civ. Proc, § 1987.2, subd. (a); § 271.) Husband's and Ms. Codekas's conduct in thwarting wife's "efforts to properly and professionally prepare for trial," as set forth in the trial court's written order, provided the trial court with sufficient grounds for denying husband's request for attorney fees against wife. Moreover, given the trial court's comments and its summary rejection of husband's request for attorney fees from wife, we are confident the trial court would have denied husband's request even if it had denied wife's motion to compel.

DISPOSITION

The February 14, 2011, "Order Following Ex Parte Application Re Discovery and Sanctions" is affirmed. Wife is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


     BLEASE     , Acting P. J.


We concur:


     HULL     , J.


     HOCH     , J.