Filed 4/23/25  Parker v. Ainsworth CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TIFFANY ANN PARKER,<br><br>    Appellant,<br><br>        v.<br><br>ROBERT HOWARD AINSWORTH,<br><br>    Respondent;<br><br>KERN COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Intervener and Respondent. | F086823<br><br>(Super. Ct. No. BFL-18-003913)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from orders of the Superior Court of Kern County.  Cynthia L. Loo, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Tiffany A. Parker, in pro. per., for Appellant.

Robert H. Ainsworth, in pro. per., for Respondent.

No appearance for Intervener and Respondent.

-ooOoo-

Tiffany Ann Parker (Mother) and Robert Howard Ainsworth (Father) have litigated disputes over child support in three states—Hawaii, California, and Florida. In this appeal, Mother challenges the denial of her request for an order directing Father to disclose information about the disability benefit he receives from the Department of Veteran Affairs (VA). The family court denied Mother's request as untimely and concluded it was an attempt to relitigate a motion to modify child support heard on November 8, 2021.

Before this court can reach the merits of the appeal, we must determine whether we have jurisdiction, which requires an appealable order. As explained below, the challenged order is not appealable. Therefore, we dismiss this appeal for lack of jurisdiction.

## FACTS AND PROCEEDINGS

Mother and Father are self-represented litigants familiar with the factual and procedural history of their dispute over child support. Some of that history is set forth in our opinion in case No. F086739. As a result, we do not repeat details contained in that opinion, but begin by describing the request for order that is the basis for this appeal.

On July 19, 2023,[1] Mother filed (1) a peremptory challenge to Commissioner Cynthia Loo; (2) a request for order directing Father to disclose information about his VA disability benefit; and (3) a declaration supporting the request. A superior court judge denied the peremptory challenge to the commissioner on the day it was filed.[2] On

---

[1] On July 20, 2023, a commissioner of the family court held a hearing on Mother's request for order and her motion that are addressed in case No. F086739, and orally denied them. The oral ruling was formalized on July 31, 2023, when the commissioner signed and filed the order after hearing (Judicial Council form FL-687) prepared by counsel for Kern County Department of Child Support Services.

[2] In case No. F086844, we dismissed Mother's appeal from the order denying her peremptory challenge because it "is not an appealable order." (Code Civ. Proc., § 170.3, subd. (d).) Instead, such order may be reviewed only by a writ of mandate filed with the appropriate court of appeal within 10 days after service of the order. (*Ibid.*; see *People v.*

August 22, 2023, Mother filed another declaration in support of her request for an order directing Father to disclose information about his VA disability benefit.

On August 25, 2023, the family court held a hearing on Mother's request. An attorney appeared for the Kern County Department of Child Support Services (Kern DCSS) and Mother and Father appeared remotely. The minute order states Mother and Father were duly sworn and testified, the court found the request was an attempt to relitigate the matter heard on November 8, 2021 (i.e., Kern DCSS's request to modify child support), and the court denied the request as untimely. The last three sentences of the minute order state: "[Mother] continues to argue with, speak over and interrupt the court after the court issues its ruling. [¶] [Mother] reports she is recording the proceeding, which is in violation of California Rule of Court 1.150. The court directs the termination of the proceeding."

The record does not include an order after hearing on Judicial Council form FL-687. Also, it does not include a reporter's transcript of the August 25, 2023 hearing. Mother filed a notice of appeal in September 2023.

To address the absence of a reporter's transcript, Mother submitted an initial proposed settled statement in December 2023. After Mother submitted two amended proposed settled statements, the family court, using Judicial Council form APP-022, issued a May 22, 2024 order on appellant's proposed settled statement that stated Mother failed to follow the court's earlier orders and, as a result, the record of oral proceedings would be Kern DCSS's proposed settled statements filed on January 18, 2024 and March 12, 2024.

---

*Webb* (1993) 6 Cal.4th 494, 522 [expedited writ procedure is the exclusive means for reviewing an unsuccessful peremptory challenge].)

**DISCUSSION**

# I.    APPEALABILITY

"The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal.  [Citation.]  Accordingly, if the order or judgment is not appealable, the appeal must be dismissed." (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.)  To assist appellate courts in complying with this requirement, an appellant's opening brief must "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable." (Cal. Rules of Court, rule 8.204(a)(2)(B).)

## A.    Mother's Contentions Regarding Appealability

Under heading IV.D. of Mother's opening brief, "Final Judgment," she set forth the following sentence:  "This appeal is from a final judgment that disposes of all parties' claims."  This is not an accurate statement because the order denying Mother's request is not a judgment.  It is an order.

Under the next heading of Mother's opening brief, "Appealability," she stated:

> "Appellant filed an Amended Motion to Find Appealable with this Court of Appeal on January 24th, 2024 referencing case law. This Court is in possession of an order dated March 1st, 2024 from Polk County, Florida's 10th District Court rejecting the transfer of Kern County Superior Court's family case BFL-18-003913 to them.  This Court of Appeal retains jurisdiction to review error in law and de novo on the allowable time to vacate/set aside the California district court's modification of the original stipulated Hawaiian child support order calculated based on fraud, perjury, duress, imputed wages on the disabled Mother, and failure to disclose actual income by the Father and collection agency employees.  No other state district court or collection agency is enforcing the California modified child support order."

This statement also is inaccurate.  No "Amended Motion to Find Appealable" or other document was filed in this appeal on January 24, 2024.  Mother did file a letter brief with this court on November 21, 2023, that argued the family court's transfer of the

4.

case to Florida's Polk County did not render the appeal moot. On December 20, 2023, this court filed an order stating the appeal would be allowed to proceed and also stating the order should not be construed as a ruling on the issue of appealability.

Consequently, neither Mother's briefing nor the other documents submitted in this appeal have demonstrated the appealability of the family court's order denying her request for an order directing Father to disclose information about his VA disability benefit.

### B. Independent Analysis of Appealability

Our next step is to conduct an independent review of the record and the law to determine whether the challenged order is appealable. The general rules of law regarding appealability are well established.

"In California, the right to appeal is governed solely by statute and, except as provided by the Legislature, the appellate courts have no jurisdiction to entertain appeals." (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645.) In other words, "[i]n the absence of a statute authorizing an appeal, we lack jurisdiction to review a case[.]" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1083; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 ["A trial court's order is appealable when it is made so by statute."].)

Code of Civil Procedure section 904.1 is the "primary statute" addressing the appealability of judgments and orders in civil actions. (*Smith v. Smith*, *supra*, 208 Cal.App.4th at p. 1083.) Subdivision (a)(2) through (14) lists various type of orders that are appealable. Orders denying a motion for disclosure of information or, more generally, discovery orders are not among the appealable orders listed. However, the statute refers to "an order made appealable by the Probate Code or the Family Code." (Code Civ. Proc., § 904.1, subd. (a)(10).) We have not located a provision in the Family Code that makes the order denying Mother's request for an order directing Father to

disclose information appealable.  (See generally, *State ex rel. Dept. of Pesticide Regulation v. Pet Food Express* (2008) 165 Cal.App.4th 841, 852 [noting that "discovery orders in civil litigation ... are not considered final, appealable orders"].)

Based on the minute order's characterization of Mother's request as an attempt to relitigate Kern DCSS's motion to modify child support that was heard on November 8, 2021, Mother's request could be construed as a motion to reconsider.  Such a construction, however, does not make the order appealable.  (See *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633 [denial of motion for reconsideration not appealable]; *In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 81 [if motions to reconsider were appealable, it would give a party two appeals from the same decision].)

Consequently, we conclude the order is not appealable and, under established principles of appellate procedure, this appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.  The parties shall bear their own costs on appeal.


FRANSON, J.

WE CONCUR:


LEVY, Acting P. J.


SNAUFFER, J.

6.