Filed 12/23/25  Marriage of Mihoubi and Djebari CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of DJAMEL MIHOUBI and MARIEM DJEBARI. | |
| DJAMEL MIHOUBI, Appellant, v. MARIEM DJEBARI, Respondent. | A167123 (Contra Costa County Super. Ct. No. MSD21-02162 |

Appellant Djamel Mihoubi challenges trial court orders requiring him to pay child support, denying his request to modify the amount of support, and imposing $1,500 in sanctions under Family Code[1] section 271.  We affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In June 2021, after his then-wife, respondent Mariem Djebari, obtained a domestic violence restraining order (DVRO) against him, Mihoubi petitioned to dissolve the parties' marriage.  The following month, Djebari

---

[1] All further statutory references are to the Family Code.

sought custody of the parties' five-year-old child and requested child and spousal support.

The parties filed income and expense statements, and the matter was heard over two days, concluding on April 1, 2022. We refer to this hearing, as do the parties, as the April 1 hearing. There was no court reporter at the April 1 hearing, and consequently there is no transcript of it in our appellate record. The hearing's minutes, however, are detailed, and they describe the trial court's oral pronouncements, which granted much of the relief Djebari sought. The parties were asked to prepare a draft written order, but ultimately they could not agree upon one.

On April 28, 2022, Mihoubi filed a request to change the trial court's rulings regarding his child support obligations, even though the written order had not been finalized. He stated, "I am not earning enough to pay the ordered child . . . support because I lost my job in January 2022 when I was terminated as a consequence of [the] DVRO. I am requesting that child support be modified per guideline based on actual earnings."

The trial court filed its written order regarding the April 1 hearing on August 22, 2022. In it, Mihoubi was ordered to pay arrearages for two periods, August 1 to December 31, 2021, and January 1 to March 31, 2022. He was also ordered, starting April 1, to pay $942 per month for child support.[2] These amounts were calculated using DissoMaster, in which Mihoubi's income was set at $12,000 per month for the arrearages periods and $10,000 per month for the obligations starting April 1.

Two days after the written order was filed, a hearing was held to resolve Mihoubi's April 28 request to change his child support obligations. A

---

[2] The August 22 order also awarded spousal support to Djebari, but Mihoubi does not challenge this aspect of the order.

transcript of this hearing *is* included in our appellate record. At the hearing the trial court stated, "I have heard no changes from what I . . . took into consideration [at the April 1 hearing] when we put the order in place." After commenting that the request was "essentially a request for reconsideration," the court found there "[wasn't] a basis for it" and denied it. Relying on section 271, the court also ordered Mihoubi to pay $1,500 in attorney fees and costs to Djebari's counsel. The court filed its written order denying Mihoubi's request to change his child support obligations and imposing sanctions on September 28, 2022.[3]

## II.
### DISCUSSION

*A.     The Applicable Law*

It is well settled that we presume a judgment is correct, meaning " '[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

We review awards of child support under an abuse of discretion standard. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283.) This " 'is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*In re Marriage of Walker* (2012) 203 Cal.App.4th 137, 146.)

---

[3] Mihoubi appealed in September 2022, but the record was not filed in this court until March 2025.

3

The amount of child support a parent must pay is determined by statutory guidelines.  Under these guidelines, courts calculate child support by applying a mathematical formula contained in section 4055.  (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 385–386; see §§ 4050–4076.)  This formula includes factors that reflect the parents' incomes.  (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1446.)  "[A]dherence to the guidelines is mandatory, and the trial court may not depart from them except in the special circumstances enumerated in the statutes."  (*In re Marriage of Cheriton*, *supra*, 92 Cal.App.4th at p. 284.)  "The guideline amount of child support . . . is presumptively correct."  (*In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1359.)

In applying the uniform guidelines, a trial court may use a computer program called DissoMaster.  "DissoMaster is one of two privately developed computer programs used to calculate guideline child support as required by section 4055, which involves, literally, an algebraic formula."  (*In re Marriage of Schulze* (1997) 60 Cal.App.4th 519, 523, fn. 2.)

Attorney fees and costs may be awarded "in the nature of a sanction" under section 271 when the conduct of a party or attorney "frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys."  (§ 271, subd. (a); *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1316.)  We review an award under section 271 for an abuse of discretion.  (*Featherstone v. Martinez* (2022) 86 Cal.App.5th 775, 783–784.)

*B.*   *Mihoubi Forfeited His Claim that the Trial Court's Determinations Regarding His Income Lacked Substantial Evidence, and the Claim Is Meritless in any Event.*

Mihoubi argues that there was insufficient evidence for the trial court to set his income at first $12,000 and then $10,000 per month when calculating his child support obligations.  The argument lacks merit.

To begin with, Mihoubi forfeited the argument by not including an agreed or settled statement in lieu of a reporter's transcript of the April 1 hearing.  (See Cal. Rules of Court, rule 8.134(a)(1).)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript [or agreed or settled statement in lieu of a reporter's transcript] will be precluded from raising an argument as to the sufficiency of the evidence."  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992, italics added.)  "The trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record."  (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

In any event, Mihoubi's argument fails on its merits because even without a reporter's transcript, the record contains substantial evidence supporting the trial court's determinations.  This evidence included Djebari's declaration testimony that Mihoubi had been earning $12,000 per month.  She stated, "I believe that Mr. Mihoubi earns about $12,000 a month.  I base this belief on my observations of his daily worksheet showing his billings to his employer.  Mr. Mihoubi also moved funds from our regular financial

5

accounts and I believe he is hiding assets." Djebari declared that on a typical day of earnings, Mihoubi was paid at least $450 to $750 (by performing at least 10 jobs paying $45 to $75 each). She also stated that he earned money under the table, which he received from his brother. " 'The testimony of one witness, even that of a party, may constitute substantial evidence' " sufficient to support the court's rulings. (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 119.)

There was also evidence besides Djebari's statements that supported the trial court's determinations. Evidence was submitted that in the months before the separation, Mihoubi deposited between $9,000 and $29,000 per month into the parties' Wells Fargo accounts and transferred between $8,000 and $24,500 a month into his Robinhood investment account. Finally, Mihoubi's 2018 federal tax form showed that he earned $100,874 in 2018. The record as a whole supports the trial court's decision to impute to Mihoubi $12,000 per month as income for the arrearages periods and $10,000 per month going forward.

Mihoubi did not challenge this evidence by providing meaningful evidence of his own. At a hearing on March 23, 2022, the trial court noted that Mihoubi's "Income and Expense Declaration filed on [March 3, 2022,] . . . does not include attachments of tax return or Schedule C." The court also noted that Mihoubi's "Income and Expense Declaration filed [on October 26, 2021,] did not produce tax documents for 2021." Since Mihoubi failed to provide further financial documentation to the court before or at the April 1 hearing, he cannot now persuasively protest that there is insufficient evidence regarding his income.

*C.*     *The Trial Court Did Not Abuse Its Discretion in Denying*
        *Mihoubi's Request to Change His Child Support Obligations.*

Mihoubi next contends that the trial court should have granted his April 28, 2022 request to change the amount of his child support obligation, but we again perceive no abuse of discretion by the trial court.

At the August 24, 2022 hearing on the April 28 request, Mihoubi's counsel argued that his client's income was reduced because after Mihoubi lost a job with a security company "that source of income diminished or went away." In rejecting the argument, the trial court observed that Mihoubi was not relying on any evidence that it had not already considered at the April 1 hearing. The court continued,

> "Several of the things that [Mihoubi] is saying is testimony that the Court heard previously. Even during our previous hearing there have been issues and concerns regarding the credibility and openness and clarity of all Mr. Mihoubi's finances. Even during our last hearing he mentioned accounts that had not been disclosed previously. That is also reflected in the minute order. [¶] And so to [counsel's] question, the order the Court put in place inputted [$]10,000 versus the requested [$12,000]. That is also reflected in the minute orders. There [were] payments put in place for arrearages. And again, this is essentially a request for reconsideration. There isn't a basis for it."

These comments suggest the trial court had already considered Mihoubi's alleged job loss when it reduced his imputed income from $12,000 to $10,000 at the April 1 hearing. At the very least, the comments leave us unable to conclude that Mihoubi's alleged job loss was unknown to the court at the April 1 hearing, since the court stated it "heard no changes" and remarked that "several of the things that [Mihoubi] is saying is testimony

7

that the Court heard previously."[4]  " 'Absent a change of circumstances, a motion for modification is nothing more than an impermissible collateral attack on a prior final order.' "  (*In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 413.)

The remarks also show that the trial court had doubts about Mihoubi's credibility.  As a reviewing court, it is not our role "to interfere with the trial court's assessment of the witnesses' demeanor and credibility."  (*In re Naomi P.* (2005) 132 Cal.App.4th 808, 824.)  We must defer "to the trier of fact on such determinations, and ha[ve] no power to judge the effect or value of, or to weigh the evidence; to consider the credibility of witnesses; or to resolve conflicts in, or make inferences or deductions from the evidence."  (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 199.)

Although the trial court denied Mihoubi's request to change his child support obligations, it expressly left open the possibility of future changes:  "I do hope that [counsel for Mihoubi] will be in a position to get the—all of the financial accounts.  I note as you will review the minute order [that Djebari's counsel] had been asking for many of the financial accounts [but] had only been receiving a few statements regarding accounts and we even were learning about more accounts during the hearing, which left significant credibility concerns regarding the state of the finances that Mr. Mihoubi represents."  In other words, the court would consider Mihoubi's income further upon receiving additional and credible information about it.

All said, the trial court's determinations were eminently reasonable on the record before us, and Mihoubi has failed to satisfy his appellate burden of

---

[4]  The minutes of the April 1 hearing show that the trial court was aware that Mihoubi claimed his "self-employed company has not had a contract since [January 1, 2022]."

establishing that the trial court abused its discretion. (See *In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 230.)

> D.     *The Trial Court Did Not Abuse Its Discretion in Imposing Sanctions Under Section 271.*

Finally, Mihoubi argues that the trial court abused its discretion by imposing sanctions against him in the amount of $1,500. Again, there was no error.

As we have said, section 271 allows a trial court to make an award of attorney fees and costs "in the nature of a sanction" when the conduct of a party or attorney "furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." Mihoubi filed his motion to change child support obligations only a few weeks after the April 1 hearing concluded and before the written decision on that hearing was filed. In responding to the motion, Djebari asserted that Mihoubi had "not raised any new information," and she anticipated she would "incur $1,500 in unnecessary legal fees" to litigate it.

Without the reporter's transcript of the April 1 hearing, Mihoubi cannot show that he presented new evidence to support the motion, and we must presume he did not. As a result, Mihoubi's motion required Djebari or her counsel to respond to a pointless motion, research the facts and the law, and appear at yet another hearing.[5] Mihoubi argues that he was "entitled to pursue reasonable extensions of the law and positions that could have been decided in his favor had the court made different credibility determinations," but he fails to explain what those extensions or positions were. Under these

---

[5] Mihoubi does not challenge the attorney's hourly rate or time estimates used to calculate the anticipated $1,500 amount.

circumstances, it was well within the trial court's discretion to award sanctions under section 271.  (See *In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 82 [section 271 sanctions are appropriate when a motion for reconsideration fails to present any new or different facts].)

We can overturn a trial court's order under the abuse of discretion standard " ' "only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order." ' " (*In re Marriage of Burgard, supra*, 72 Cal.App.4th at p. 82.)  On the record before us, a reasonable judge could have entered the section 271 order here, and Mihoubi's challenge therefore fails.

## III.
### DISPOSITION

The trial court's orders filed on August 22 and September 28, 2022, are affirmed.

_____

Humes, P. J.


We concur:


_____

Banke, J.



_____

Langhorne Wilson, J.


*Mihoubi v. Djebari* (A167123)

11